## BRADY vs. PARKER.

The circumstances, acts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate it, are part of the *res gestæ*.

(*a.*) The ground of attachment being that the defendant absconds, and on the trial of an issue formed thereon it having been shown that the defendant was absent from home when the attachment was sued out, it was competent to prove that in connection with his departure and just before it, he stated that he was going to Alabama after certain property, and sought to borrow money to pay his expenses there and back, and that he did return.

Attachment. Evidence. *Res Gestæ.* Before Judge CRISP. Sumter Superior Court. November Adjourned Term, 1880.

Reported in the decision.

J. A. ANSLEY; GUERRY & SON; HAWKINS & HAWKINS, for plaintiff in error.

JOHN R. WORRILL; E. G. SIMMONS, for defendant

CRAWFORD, Justice.

This suit began by attachment, and the defendant traversed the truth of the plaintiff's affidavit. The ground upon which the writ was sued out was that the defendant

"absconds." Upon that issue the parties went to trial, and a verdict was rendered in favor of the defendant.

The plaintiff complains that the judge committed error in admitting the testimony of Barney Parker and John R. Worrill, touching what transpired between the defendant and themselves a day or two before, or about the time it is alleged in the affidavit, as a ground of attacament, that he "absconds."

The plaintiff in attachment testified that he went to Parker's house and inquired for him, and was informed that he was gone. He had suddenly disappeared. Parker before that time had a residence and family in Sumter county, had lived there a long time; after that he never lived notoriously in Sumter county, though he came back and stayed about for some time, and then left the county.

The sheriff testified that he went to Parker's to serve some papers about the 15th of November, 1856—the day on which the attachment was sued out—but he was gone; he had a residence in the county up to that time.

Other testimony was introduced to the same effect.

The defendant in attachment then called Barney Parker, his brother, who testified that a day or two before the defendant left, as referred to by the plaintiff's witnesses, he came to see him, and asked him to go to Alabama for him to get some money for a ward of his; witness could not go. Defendant then said he was going, and wanted to borrow of witness a little more money than he had to bear his expenses. Witness did not have it, and told him that perhaps he could get it from Mr. Worrill. He returned from his trip in six or seven days, and remained for twelve months in the county.

Mr. Worrill was then called, and testified that on the day, or about the 12th or 13th November—a day or two before the attachment was sued out, the defendant came to him and borrowed ten dollars, saying that he was going to Alabama to get some money which was coming to his ward; said that he would be back in six or seven days

and pay the money, which he did.   He then remained in the county twelve months.

Should this testimony have been admitted?  The ground in the affidavit was that the plaintiff "absconds."  Witnesses had testified that he was not at home on the 15th of November, the day the affidavit was made and the attachment issued.   The main fact in issue and on trial was, whether he was on that day absconding.   Plaintiff had shown his absence; defendant offered these witnesses to show that the main fact was not as charged, and that his absence was lawful.   The court let in the testimony as a part of the *res gestæ*, which includes preparation to leave, actual leaving and secretly stealing away, so that the ordinary process of law could not have been served upon him.   "The circumstances, acts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate it, are the *res gestæ*.   The declarations of a party made at the time of the transaction, and intended to explain it, to unfold its nature and quality, and in harmony with it, are admissible."

Do the conduct and declarations of the defendant go to explain his absence, and to unfold his purpose?  If so they were admissible.  The rule would be unreasonable that would allow the plaintiff to show the defendant's absence from home, and not allow him to show circumstances, acts and declarations growing out of the main fact to illustrate it.   The court admitted the testimony, and in so ruling committed no error; to have ruled it out would have been illegal.

Judgment affirmed.