## WESTBROOK *vs.* FUDGE.

On the call of this case, counsel for plaintiff in error moved to withdraw the writ of error, stating that the case had been settled between the parties. Counsel for defendant in error objected, and insisted on opening the record and asking for damages. It was not denied that terms of settlement had been agreed on, but it was stated that the money had not been paid by the plaintiff in error according to the agreement:

*Held,* that it is doubtful whether, under such circumstances, damages would be awarded, irrespective of the merits of the case. But looking into this record, it does not appear that the case was brought up for delay only, and damages are denied.

Judgment affirmed.

October 27, 1885.

HALL, Justice.

## CAIN *et al. vs.* LIGON, administrator.

1. The bill of exceptions was signed by the judge on February 10. Entered upon it is the following statement: "Served B. F. Harrell, attorney for T. T. Ligon, administrator (defendant in error), this day personally with copy of the above and foregoing bill of exceptions," dated February 20, and signed by one of the attorneys for the plaintiffs in error. On February 23, the same attorney indorsed upon the bill of exceptions an affidavit that he served a copy of the bill of exceptions on the attorney for the defendant in error on February 20. The bill of exceptions was filed February 24:

*Held,* that this was a substantial compliance with the law, and although the affidavit was made after the expiration of ten days from the signing by the judge, yet, having been made before the filing, and showing that the service was, in fact, made within the time allowed by law, the writ of error will not be dismissed.

2. Exceptions to the admission of evidence which do not show that objection thereto was made, or do not state upon what ground it was made, cannot be considered.

3 The verdict and decree are warranted by the evidence.

Judgment affirmed.

November 3, 1885.

BLANDFORD, Justice.