HAMILTON *v.* WILLIFORD.

1. To make an equitable plea setting up a parol contract for the purchase of land and the performance of that contract available against a subsequent vendee from the same vendor, the plea must allege that the first purchaser had possession of the premises when the second acquired his title, or that the latter had notice, actual or constructive, of the outstanding parol title, or that for some reason the second purchaser was not a *bona fide* purchaser for value. An equitable plea otherwise sufficient would not be available without making the vendor a party, if anything remained to be done to complete the performance of the contract on the part of the first purchaser.

2. When the bill of exceptions complains of the admission of parol testimony objected to, it should be pointed out. Merely to say that it was relative to certain accounts is not sufficient.

3. The court's charge on the subject of possession should be understood as referring to possession taken and held under the parol contract of purchase, and so understood there was no error in the charge on that subject complained of.

4. For a mechanic and material man to proceed by action to foreclose his recorded lien against certain premises as the property of another person, for work done and material furnished in improving the premises, is inconsistent with ownership and title, legal or equitable, in the mechanic and material-man himself. The declaration filed in a court of record to foreclose the lien is a solemn admission *in judicio* that the true relation of the plaintiff to the premises is not that of owner, but is that of a creditor

of the owner, and so long as that admission is not withdrawn or cancelled by dismissing the action to foreclose the lien, or in some other effective way, the plaintiff in that action is estopped from asserting title in himself adverse to the title of his alleged debtor or of a vendee to whom such debtor has conveyed the premises by deed.                                        *Judgment reversed.*

August 23, 1892.

Vendor and purchaser. Parol contract of sale. Pleading. Evidence. Practice. Possession. Lien. Title. Estoppel. Before Judge FISH. Dooly superior court. September term, 1891.

Complaint by W. O. Hamilton as survivor of the firm of B. B. & W. O. Hamilton, and by Nannie E. Hamilton as sole heir of B. B. Hamilton, against Williford, for the recovery of the south half of lots 16 and 17, and the south three quarters of lots 18 and 19, situated in block 112 in the town of Cordele, Dooly county. The defendant pleaded not guilty. Upon the trial plaintiffs introduced a deed to the premises in dispute, dated November 12, 1888, properly executed, and recorded April 16, 1889. To whom this deed was made does not appear directly, but it may be inferred that it was to J. J. Clements. Also, a deed from J. J. Clements to B. B. & W. O. Hamilton, to the premises in dispute, dated February 9, 1889, properly executed, and recorded February 11, 1889. Also, testimony showing that B. B. Hamilton, of the firm of B. B. & W. O. Hamilton, died before the suit was brought, leaving as his sole surviving heir his wife, Nannie E.; that W. O. Hamilton made the trade with Clements for the land; that he never knew of any claim of defendant Williford or any one else on the land; that he bought and paid for it in good faith, believing he was getting a good title, and without notice that there were any conflicting claims; that he asked Clements, from whom he bought for his firm, if there was anything against the land, and Clements told him there was not; and that he did not know that

Clements had ever made any agreement with Williford, and did not know that Williford had anything to do with the land. Clements testified that he sold the land ·to B. B. & W. O. Hamilton and told W. O. that there was nothing against it; that he had agreed with Williford to sell him the land, if Williford would pay the same price at which he bought it, but Williford never did pay for it and had paid nothing on it, and he sold to the Hamiltons before Williford had ever asked for a deed; that the barn stables were put up by him and Williford and jointly used by them, being partly on two of the lots; that both he and Williford furnished the material for the barn and dwelling, and both did work on them; that at the sale of the lots he bought five, and lots 16, 17, 18 and 19 were of the five, and he was to let Williford have half of them at the price he paid for them; that there were no improvements on the lots, except the house, kitchen and garden on number ———, and the barn and stable on 18 and 19; that at the time he sold to the Hamiltons Williford was in the house, and witness had possession of the other parts of the lots; that he could not say how much the exact difference was between what he owed Williford and what Williford owed him; and that Williford was not to have the land or a deed until he fully paid for the land. Plaintiff also introduced the declaration of Williford to the superior court of the county, filed February 6, 1890, the suit being against Clements to foreclose a mechanic's lien claimed by Williford for building, and furnishing material for building a dwelling-house, barn and fencing on the lots of Clements in the town of Cordele, the lots in dispute. To this declaration was attached a bill of particulars for labor and material furnished by W. C. Williford for J. J. Clements.

For the defendant one Culpepper testified that he heard Williford and Clements say they had bought five

lots, and they showed him where they were; that after this Clements and witness were going to build a house, and Clements asked witness to let Williford work on it as he was owing him on the land and he wanted him to work it out; that Williford worked on the house to the amount of something over $20, and may have got about a dollar's worth out of the store, and that was all the pay he got from Culpepper and Clements; that Clements charged witness up with the work Williford did for the firm in their settlement; that Clements and Williford built the barn and garden together, and used the barn together, and Williford helped Clements build Clements' house, which Clements had on the other parts of the lots that they were to divide. Plaintiffs objected to the testimony of Culpepper as to what Williford and Clements said, and what Clements said, on the ground that Hamilton was not present, that Clements was not a party to this suit, and that there was no plea to warrant this evidence. The court overruled the objection, to which plaintiffs excepted.

Williford testified that the agreement was, he should pay for the land in work, Clements telling him he (Clements) would bid off the lots and give him time to pay for half of them by work; that five lots were bought, and Clements was to let him have half at the same price Clements paid, which was sixteen and two thirds dollars per lot; and that he thought he had paid Clements up for the lots. He then gave an itemized statement of the account between him and Clements, the amount which Clements owed him, according to this statement, being $87.61, and the amount he owed Clements being $51.30; and further testified that the barn was partly on numbers 18 and 19, and was built by him and Clements jointly, and both used it, the intention being to build it equally on the land that Williford claimed and other parts of the lot that Clements claimed,

but it was put wholly on the land that Williford claimed; that when he heard that Clements had sold the land, he then put his lien on record to save himself; that in the amount he owed Clements was lumber and other material furnished by Clements for the buildings on the lots which witness claimed; and that he charged to Clements his (Williford's) interest in the rails and boards got from the lots and used by Clements on the part of the lots occupied by Clements and not claimed by witness. Plaintiffs objected to the testimony relative to the accounts between Williford and Clements, unless notice could be brought home to Hamilton, or he was present, on the grounds that Clements was not a party to this action; and that before an accounting and settlement could be had on the accounts between Williford and Clements, Clements would have to be made a party. The court overruled the objections, which ruling is excepted to. Plaintiff's counsel, in making his concluding argument, argued to the court that such testimony could not be considered, and that defendant was not entitled to the decree he asked, because there was no equitable plea to authorize it. Defendant's counsel then asked leave to amend the plea of the general issue by filing such equitable plea, which the court allowed on payment by the defendant of all accrued costs. The plaintiffs objected to this plea and moved to strike it on the grounds that when the case was first called, plaintiff's counsel had called for the plea of defendant, and defendant's counsel stated that they had only the general issue; that the plea showed that Clements was a necessary party; that there was no good and sufficient equitable defence set up, and that the plea was not in manner and form required by law, and was too late. These objections were overruled, and plaintiffs excepted. The plea set up the contract of purchase for the land with Clements as stated in defendant's testimony; that by

the consent and approval of Clements defendant went into possession of the lands and put on them valuable improvements, setting out what they were; that defendant went into possession in good faith and put the improvements upon the land; that defendant had, as he believed, paid Clements by work and otherwise for the land and was entitled to possession of it; and that if it should be found that he was still indebted to Clements any amount for the purchase of the land, he stood ready to pay it, and he asked for a decree that he should have the title upon payment of whatever might be found to be due.

Plaintiffs also excepted to the refusal of the court to charge the following: "Notice would have first to be brought home to Hamilton of any equities existing between Williford and Clements, if the full amount of the purchase had not been paid so as to make a complete equity. If the contract between Williford and Clements was to make a sale on the happening of certain conditions and these conditions were never complied with, and the sale made to the Hamiltons before the happening of the events contemplated or contracted for, the Hamiltons would not be affected without notice brought home to them of these equities."

Also, to the following parts of the court's charge: "If the defendant Williford entered into a verbal contract with J. J. Clements for the purchase of these lots and paid the purchase money, and was in the open and actual possession of these lots at the time Clements sold and conveyed the property to the Hamiltons, the title of the defendant Williford would prevail against that of the plaintiffs, the Hamiltons, and in that event, or if you should believe those statements to be the truth of the case, the plaintiffs would not be entitled to recover. That is, now, if Williford made a verbal contract with Clements for the purchase of these lots, and Williford

paid all of the purchase money, has paid it up in full to
Clements, and he was in the open and actual possession
of these lots at the time that Clements sold and con-
veyed the property to the plaintiffs, that is the Hamil-
tons, Williford's title would be best, and the plaintiffs
could not recover against him. If Clements sold to the
Hamiltons after the purchase by Williford, Williford
being in open and actual possession of it at the time of
the sale to the Hamiltons, then the Hamiltons only bought
what Clements had, and they bought subject to the
right of the defendant Williford to pay the balance due
on the land and take a deed; so the Hamiltons stand
just where Clements stood, and stand in his shoes and
in no better place than Clements. The filing and re-
cording of the lien by the defendant Williford, and the
subsequent bringing suit on the lien so filed by Williford
against the land in dispute as the property of Clements,
was not an estoppel."

G. W. WOOTEN and MARTIN & SMITH, for plaintiffs.

J. F. POWELL and PATE & WARREN, by brief, for de-
fendant.