PERRYMAN, administrator, *v.* POPE.

1. This court can not undertake to determine whether or not error was committed in refusing to allow a witness to answer certain questions, it not appearing what the answers thereto would have been had they been admitted.

2. Where the trial judge concluded after reflection to allow certain testimony which had been ruled out to be considered as again in evidence, and so informed one of the attorneys at whose instance the same had been originally introduced, but did not give like information to an associate attorney who was then opening the argument to the jury on their side, or announce to the jurors the change in his ruling, this was not good practice. The irregularity thus committed in the present case does not, however, afford sufficient cause for granting a new trial.

3. There was no error, in the trial of a traverse to an attachment sued out on the ground that the defendant was about to remove beyond the limits of the county, in rejecting evidence of his declarations that he had no intention of removing, the same having been made after he knew the attachment had been issued, and evidently with a view to the litigation thereby begun; but his admissions tending to show that he was about to remove from the county at the time the attachment was sued out were admissible in behalf of the plaintiff.

4. It was not essential for the plaintiff in such trial to show that the defendant was about to remove from the county on the very day upon which the affidavit to obtain the attachment was made. Proof that the intention to remove then existed, and was presently to be carried into effect, was sufficient. Accordingly, the following instructions to the jury, taken all together, were substantially correct: (*a*) "Whether the plaintiff . . was authorized to sue out the attachment on [the day it was issued] . . depends on the fact whether the acts and conduct of the defendant showed that it was his purpose and intention at or about [that date] to remove without the limits of the county." (*b*) "If the defendant was near to the performance of the act of removal, if he entertained the purpose of removal and was making preparations to remove, then [the plaintiff] would have been entitled to sue out the attachment." (*c*) "Nor is it necessary for it to appear that the defendant intended to remove on the very day the attachment was sued out. If the evidence shows that the design to remove existed and his conduct indicated or showed that it was his purpose to carry the design of removal into execution at or about the time the attachment was sued out, you should find the issue on the traverse in favor of the plaintiff."

5. The material questions of law involved in this case are covered by the foregoing; and the evidence warranted the verdict. There was no error in denying a new trial.

Argued June 28, — Decided August 10, 1897.

Attachment.    Before Judge Harris.    Carroll superior court. January 6, 1897.

J. N. Pope sued out an attachment against W. D. Dickson, on the ground that he was about to remove without the limits of the county. Defendant traversed this ground; and to the declaration of plaintiff, for recovery on notes, defendant filed pleas of not indebted, etc. He died pending the suit, and his administrator was made a party. On the trial the verdict was in favor of the plaintiff; and a motion for new trial was overruled. For the other facts see the opinion.

*Oscar Reese, S. E. Grow* and *Sidney Holderness*, for plaintiff in error.

*C. P. Gordon* and *Adamson & Jackson*, contra.

FISH, J. 1. One of the grounds of the motion for a new trial, filed by the defendant below, was: "Because the court committed error in this: The defendant offered to prove by Oscar Reese, S. E. Grow and L. C. Mandeville, witnesses in his behalf, that W. D. Dickson, defendant's intestate, on the former trial of this case in said court, at its April term, 1893, swore in said case when placed upon the witness's stand in his own behalf, then and there in response to questions as follows, asked him by Oscar Reese, then his counsel, to wit: What effort or declaration had he made at any time of his intention to remove beyond, or being about to remove beyond, the limits of Carroll county, Georgia, on the 18th of December, 1889? What was his intention then as to being about to remove beyond the limits of the county? Plaintiff objected to this testimony as illegal; and the court sustained the objection as to each witness, notwithstanding defendant offered to prove by each of the aforesaid witnesses that they were present at said trial and remembered the whole of said W. D. Dickson's testimony in substance, and that said Dickson was now dead." The above quotation comprises all the information afforded to this court concerning the nature of the evidence excluded. No attempt whatever is made by counsel, in the bill of exceptions brought to this court, either to set forth the answers given by the deceased witness to the questions propounded to him, or to state what, in substance, counsel expected to prove by the witnesses in defendant's behalf who professed to remember what the de-

ceased had sworn as a witness on the former trial. Obviously, such an assignment of error can not be considered. *Western Union Telegraph Co.* v. *Michelson,* 94 *Ga.* 436; *Hamilton* v. *Williford,* 90 *Ga.* 210; *Benton & Upson* v. *Baxley, Boles & Co.,* Ibid. 296; *Valentine* v. *State,* 77 *Ga.* 470; *Gray & Co.* v. *McDaniel,* 73 *Ga.* 118.

2. It appears that during the examination of a witness introduced in behalf of the defense a portion of his testimony was objected to by the plaintiff and ruled out by the court. Upon reflection, the trial judge concluded to recall this ruling and to allow the testimony to go before the jury. He made known this change in his former ruling to one of the defendant's attorneys at whose instance this evidence had originally been introduced, but did not also notify associate counsel for the defense who was then proceeding with his argument before the jury. Indeed, no public announcement was made before them that the testimony in question was to be considered as again in evidence. While still another attorney was making the concluding argument for the defense, he was so informed, but when proceeding to discuss this evidence, the court called his attention to the fact that his time had expired. He "stated he knew nothing of the ruling until just then, when the court informed him that he had announced the same to defendant's counsel an hour before, and his time was out." The attorney to whom this announcement was made did not himself participate in the argument of the case before the jury.

We can not approve, as sound practice, the course pursued by the trial judge in the present case in regard to this matter. On the contrary, we think he should have made a formal announcement of his final ruling in the presence and within the hearing of the jury, so that they and the parties litigant and their counsel might be fully informed that the previous ruling was to be disregarded and the evidence then excluded was to be considered as again before the jury. At the same time, it would seem that the attorney to whom the court announced his change of ruling was under a duty to his client to see that the latter got the benefit thereof before the jury. This attorney did not himself argue the case; but he had full oppor-

tunity, if he so desired, to inform his associates who did make arguments before the jury that they were at liberty to comment on this particular testimony, as the court had informed him of a subsequent ruling to that effect. At any rate, the irregularity complained of is not, under the facts disclosed by the record before us, sufficient cause for granting a new trial. The testimony ruled out related to a conversation between the witness and the defendant's intestate, occurring long after the attachment against him was issued, and consisted of a declaration in his favor to the effect that, after removing to a designated county, he still claimed the place at which he had previously resided "as his home." We therefore think the judge very properly excluded this testimony in the first instance, and should not have recalled his ruling that it was inadmissible.

3. Evidence as to a number of similar declarations was excluded by the court, and of this the plaintiff in error complains. Clearly where, on the trial of a traverse to an attachment sued out by a creditor, the issue is whether or not the debtor was about to remove beyond the limits of the county when the attachment issued, statements by him to the effect that he had no intention of removing are of no probative value, when made after he had received notice of the issuing of the attachment and evidently with a view to the litigation thereby begun. Statements by a defendant in attachment under such circumstances, tending to show that he was about to remove from the county, are admissible in evidence as admissions against interest; but all statements amounting to declarations in his own favor should be carefully excluded from consideration by the jury. Only such declarations as accompany an act, or are "so nearly connected therewith in time as to be free from all suspicion of device or afterthought, are admissible in evidence as part of the res gestæ." Civil Code, § 5179. To be competent as evidence, statements by a debtor negativing his intention to remove must have been made contemporaneously with, and not after, the issuance of an attachment sued out against him. See *Brady* v. *Parker*, 67 *Ga.* 636.

4. Our statute provides that an attachment may issue whenever a debtor "is actually removing, or about to remove, with-

out the limits of the county." Civil Code, § 4510. Construing this statute, it was early decided by this court that it is not essential that the plaintiff in attachment show that the debtor was "about to remove" from the county on the very day upon which the affidavit to obtain the attachment was made, but that proof that an intention to remove then existed, and was presently to be carried into effect, is sufficient. *Stix & Co.* v. *Pump & Co.*, 36 *Ga.* 526.

Complaint is made that the trial judge, in this connection, gave to the jury the instructions set forth in the fourth headnote. We think these instructions were substantially correct.

5. The foregoing discussion covers all the material questions of law presented for our determination. The evidence warranted the verdict; and, for aught that appears, the trial judge properly held that the movant was not entitled to a new trial.

*Judgment affirmed. All the Justices concurring, except Atkinson, J., disqualified.*