### BIRD *v.* TRAPNELL *et al.*

1. The first offered amendment to the petition in this case was properly disallowed as setting up a new cause of action. The allegation of the second amendment, as to a contract between the plaintiff and the defendant's intestate, was too vague and indefinite as to set forth a cause of action.
2. Equity will specifically enforce a parol agreement entered into between

two persons, by the terms of which one is to perform certain services during the lifetime of the other, and the latter is to convey certain land at or before his death in consideration of such services, if the contract be definite and specific, based upon a full or partial performance of consideration in the way of services performed on the one side and a failure or refusal to perform on the other, and the proof of such contract be clear, strong, and satisfactory. The evidence in this case not measuring up to the rule just stated, the court did not err in granting a nonsuit.

No. 1503.   FEBRUARY 11, 1920.

Equitable petition. Before Judge Hardeman. Candler superior court. May 7, 1919.

*Kirkland & Kirkland* and *Hines, Hardwick & Jordan,* for plaintiff.

*Johnston & Cone, Anderson & Jones, J. Alex. Smith & Son,* and *A. S. Bradley,* for defendants.

HILL, J. This is the third appearance of this case in this court. On the first trial a demurrer to the petition was sustained, which judgment was reversed. See *Bird* v. *Trapnell,* 147 *Ga.* 50 (92 S. E. 872). When the case was returned for trial a plea in abatement was filed by the defendants, setting up the pendency of a former suit. This plea was sustained; and that judgment also, on review in this court, was reversed and the case remanded for trial. *Bird* v. *Trapnell,* 148 *Ga.* 301 (96 S. E. 417). When the case was last tried, at the conclusion of the evidence a motion was made for a nonsuit. Before the court ruled on the motion two amendments to the petition were filed. The first amendment alleged, "that by virtue of the agreement between him and the said A. J. Bird, set out in paragraph 8 of the petition in this case, and by virtue of the full compliance on his part with the terms, conditions, covenants, and agreements in said contract on his part assumed and undertaken, your petitioner and said Sarah E. Woodward became, upon the death of the said A. J. Bird on December 2d, 1891, joint tenants and owners of the tract of land described in paragraph 13 of the petition in this case; . . that said Sarah E. Woodward, on the death of said A. J. Bird, by permission of your petitioner, took possession of said tract of land; received the rents, issues, and profits of said land from Jan. 1, 1893, to the 8th day of October, 1913, of the yearly value of four hundred dollars . . , using and cultivating the same for her benefit, and excluding your petitioner from any share and part of said rents, issues, and profits; . .

that if he is not entitled to all of said tract of land, which he insists he is entitled to have and recover, your petitioner submits that he is entitled to recover one half of said tract of land, with one half of the rents, issues, and profits thereof from Jan. 1, 1893, up to date, his half of said rents, issues, and profits to be charged upon the one-half undivided interest of said Sarah E. Woodward in said land." The prayer was, that if it be found that the plaintiff is not entitled to recover the whole of the tract of land in controversy, he recover a one-half undivided interest in the land and one half of the rents, issues, and profits; that the land be partitioned between the plaintiff and J. A. Woodward, or his vendee, Judson Trapnell, and that his half of the rents, issues, and profits be made upon the half interest of Mrs. Woodward. There was also a prayer for general relief.

The second amendment alleged substantially as follows: Mrs. Woodward, the widow of Andrew J. Bird, while and after she was the wife of Bird fully recognized the agreement between the plaintiff and Bird, and often stated to various persons that the place in controversy would belong to plaintiff at her death; and she fully recognized and adopted the agreement between the plaintiff and her husband, and recognized, and often admitted, that the land in controversy belonged to plaintiff at her death, she having agreed to give her interest in said place to plaintiff in consideration of work and services rendered her in the conduct and management of her business. The prayer of this amendment was, that the agreement between plaintiff and Andrew J. Bird be specifically performed, that the land be decreed to be his property, and that he recover the premises.

The first amendment was demurred to on the grounds that it set up a new cause of action, and that it was a stale demand. The second amendment was objected to on the grounds that it set up a new cause of action, and because no consideration was alleged for the contract as set out. The court sustained the objections to the amendments and disallowed both of them, and then sustained the motion for nonsuit and dismissed the case. Each of these rulings was excepted to, and the case is here for review on those two questions.

The petition, as it was originally drawn, alleged facts under which the plaintiff sought to recover on an alleged contract with

49*

Mrs. Woodward, formerly the widow of A. J. Bird, alleging the abandonment of the old contract with A. J. Bird, the latter serving only as a consideration moving to Mrs. Bird for the new contract. See *Bird* v. *Trapnell,* 147 *Ga.* 50 (supra). The first amendment seeks to recover on the original contract with A. J. Bird, independently of the contract with his widow, Mrs. Woodward, except in so far as it is an adoption or ratification of the old contract. We think that this amendment set out an entirely new cause of action against A. J. Bird, and his administrator was not made a party to the suit. It appears from the record that A. J. Bird died in 1891. The amendments were filed at the February term, 1916, of the superior court, twenty-five years after A. J. Bird, one of the parties to the alleged contract, had died. We hold as to the first amendment that it sets up a new cause of action.

As to the second amendment, we think that the allegation as to any work and services rendered to Mrs. Woodward by the plaintiff is too vague and indefinite to show a consideration for the contract sought to be specifically enforced; and therefore we think that the court was right in sustaining the objection to the second amendment.

On the question of nonsuit, after a careful investigation of the evidence we reach the conclusion that the trial judge did not err in granting the nonsuit and in dismissing the case. This court has held, in cases of this kind, that where a parol contract is entered into between two persons, that, in consideration of services to be performed by one party, the other will, on his death, by will or otherwise, convey certain property to the other party to the contract, equity will specifically enforce the contract if it be definite and specific, based upon sufficient legal consideration, and the proof of the contract be strong, clear, and satisfactory. *Pair* v. *Pair,* 147 *Ga.* 754, 757 (95 S. E. 295), and cases cited. The evidence in the present case does not measure up to that standard. The strongest evidence in the record (and we have examined all carefully) on this point was delivered by Mrs. Julia A. Parrish, who testified as a witness for the plaintiff: "She told me of her first husband's death, and spoke of the present. I asked her if her last husband would be any trouble about Little Joe [Bird] 'getting the property,' and she said, no, that she had every-

thing arranged, there would be no trouble at all. , I asked her if she had made her will. She replied that she had everything fixed, and carried it with her every day, and when she died the papers would be found on her body. Mrs. Sallie E. Woodward told me that Josiah Bird would get the home place and all other property that was hers." There is no evidence in the record to show that when Mrs. Woodward died she left a will or other instrument conveying the property in controversy to the plaintiff. The other evidence bearing on the question does not come up to the rule as laid down by this court and referred to above; and this being so, the court properly granted a nonsuit.

*Judgment affirmed. All the Justices concur.*