16366. ALVATON MERCANTILE COMPANY *v.* CALDWELL *et al.*

BROYLES, C. J. 1. This was a suit in attachment, where a replevy bond had been given, and a traverse filed to the grounds of the attachment. When the case was called it was not error for the judge, over the objection of the plaintiff in attachment, to order that the trial proceed on the traverse alone. While section 5107 of the Civil Code provides that no traverse of the attachment proceedings shall delay judgment on the declaration where personal service has been perfected, yet a traverse to the grounds of attachment should be first disposed of, unless it be continued for cause. This provision of the code section simply "means that nothing that works a continuance of the traverse only shall postpone the main case." *Parker* v. *Brady,* 56 *Ga.* 373, 376. Moreover, the special ground of the motion for a new trial, complaining of the above-stated ruling, does not show, or even allege, that the instant case is not an ordinary attachment case, and does not point out wherein the court erred in refusing to try the whole case together.

2. "Where . . design or intent is relevant to an issue, it may be proved by the evidence of the person himself testifying directly as to what his intention was in the given instance. Although such evidence is not conclusive, it is to be considered with all the facts and circumstances of the case in determining the real intention." *Nichols* v. *Ward,* 27 *Ga. App.* 501 (2) (108 S. E. 832), and citations.

3. In the trial of a traverse to an attachment sued out on the ground that the defendant was about to remove beyond the limits of the county, evidence of his declarations that he had no intention of so removing is admissible, where it appears that they were made before he knew that the attachment had been issued. *Perryman* v. *Pope,* 102 *Ga.* 502 (3) (31 S. E. 37).

4. "When, in a legal investigation, information, conversations, letters and replies, and similar evidence, are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence." Civil Code (1910), § 5763.

5. "The circumstances, acts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate it, are part of the res gestæ.

"(a) The ground of attachment being that the defendant absconds, and on the trial of an issue formed thereon, it having been shown that the defendant was absent from home when the attachment was sued out,

it was competent to prove that in connection with his departure, and just before it, he stated that he was going to Alabama after certain property, and sought to borrow money to pay his expenses there and back, and that he did return." *Brady* v. *Parker,* 67 *Ga.* 636.

6. "Where an attachment was issued on the ground of non-residence, and this ground was traversed by the defendant, it was not erroneous to allow him to testify that he was only temporarily absent from the State on business, and that he intended to come back to Georgia to live. The fact of actual residence is to be determined by the ordinary and obvious indicia of residence; and where one leaves the State of his residence, his declaration that he intended his absence to be only temporary, and that he intended to return to the State of his residence, is explanatory of his conduct and is competent." *Flemister Grocery Co.* v. *Wright Mercantile & Lumber Co.,* 10 *Ga. App.* 702 (2) (73 S. E. 1077).

7. "The rule contemplates that all the res gestæ, including declarations forming part thereof, must transpire within the present time of the transaction. But that time, while it can not be less, may be more extended than the present of the principal fact, in some instances a little, in others much, and in others very much more. Usually if they can all be ascertained, some of the res gestæ will be found simultaneous with, and some anterior and others posterior to the principal fact." *Travelers Insurance Co.* v. *Sheppard,* 85 *Ga.* 751, 776 (12 S. E. 18).

8. "These surrounding circumstances constituting a part of the res gestæ may always be shown to the jury along with the principal fact; and their admission is determined by the judge, according to the degree of their relation to that fact, *and in the exercise of his sound discretion,* it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description." 1 Greenleaf on Evidence, § 108. See also *Hart* v. *Powell,* 18 *Ga.* 635, 639.

9. "The domicile of a man having a family is, under section 1824 of the Civil Code, the place where his family 'shall permanently reside, if in this State,' the word 'permanently' being here used in contradistinction from the word 'temporarily.' 2. It follows that the mere removal by a married man of his wife and children to a city not within the county of his residence, and the occupancy by the family of a rented house in such city, did not effect a change of his domicile, when it affirmatively appeared that his sole purpose in making such removal was to send his children to school for a limited period, that he kept the home from which he had thus temporarily removed his family furnished and spent much of his own time therein, that he continued to discharge the duties of citizenship incident to residence by him in the county wherein that home was located, and that there was at no time any intention on his part to provide, either for himself or his family, a fixed place of abode in the city referred to, or that he or any of them should permanently reside there." *Peacock* v. *Collins,* 110 *Ga.* 281, (1, 2) (34 S. E. 611).

10. A ground of the motion for a new trial complains of the following

ruling: A witness for the defendant, on cross-examination, was asked this question: "Mr. L. A. Caldwell has been living in Atlanta with his wife for the last ten years, has he not?" The answer was: "Yes." Counsel for the defendant objected to the evidence, on the ground that it was irrelevant and immaterial, as it related to what happened two and a half years after the alleged removal of the defendant from the county and could not illustrate any issue in the case. The judge sustained the objection and ruled out the evidence, stating, however, that he would let in what the defendant did shortly after the levy of the attachment. *Held:* Under the facts of the case the ruling was not error. This ruling disposes also of ground 3 of the amendment to the motion for a new trial.

11. Under the facts of the case it was not error for the judge to instruct the jury to disregard the argument of the plaintiff's counsel "that the defendant had been adjudicated a bankrupt and been discharged from his debts, and his motive in insisting on the traverse was to relieve his bondsmen who signed the replevy bond, and, should the traverse be sustained, it would be insisted by counsel for defendant that plaintiff could not collect its debt out of the sureties on said bond."

12. The grounds of the amendment to the motion for a new trial, not disposed of by the foregoing rulings, are without substantial merit.

13. The verdict was amply authorized by the evidence, and the overruling of the motion for a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

Decided June 11, 1925.

Attachment; from city court of Greenville—Judge Revill. March 10, 1925.

*Jones & Strother, Hall & Jones,* for plaintiff.

*N. F. Culpepper, J. F. Hatchett,* for defendants.