SHANNON *v.* SUCCESS CONSTRUCTION COMPANY *et al.*

No. 7784. DECEMBER 9, 1930.

*Brown & Brown,* for plaintiff.
*C. H. Feagan* and *Augustine Sams,* for defendants.

BECK, P. J. Mack Shannon brought suit against Success Construction Company, William Burch, and Edward Jones, for cancellation of certain promissory notes, and for damages against the

Construction Company and William Burch for breach of contract by failure to comply with a contract for the building of a house, and for "fraudulently procuring more money for the same than the contract called for," etc. The jury trying the case returned a verdict for the defendants. A motion was made by the plaintiff for a new trial, which was overruled, and the movant sued out a writ of error to this court.

■ The court did not err in giving to the jury certain charges which in substance imposed upon the plaintiff the burden of proving by the preponderance of the evidence that the contract in question had not been complied with, and of proving what sum the plaintiff was entitled to by a failure upon the part of the defendants to comply with the contract. This charge was not error on the ground that it placed a "burden on the plaintiff not warranted by the law, the pleadings, or the evidence;" nor was it "calculated to prejudice the minds of the jury against plaintiff's claim that the Success Construction Company had not used the material in the construction of the building that the contract called for."

■ Grounds 3 and 4 of the motion for new trial are as follows: (3) "Because movant contends the court erred in failing to charge the jury the law governing all the material issues presented by the pleadings and evidence in this case, what facts were admitted and what were denied, and what formed the real issues to be determined by them. (4) "Because movant contends the court erred in failing to charge the jury the law governing all the material issues presented by the pleadings and evidence in this case regarding the defendant Edward Jones, what facts were admitted and what facts were denied, and what formed the real issues to be determined by them in regard to the defendant Edward Jones." These two grounds are entirely too general to present any question for decision by this court, especially where it appears that the court did not fail to charge upon all the material issues presented by the pleadings and evidence in the case; and if there were other material issues under the pleadings and evidence in regard to which the court did not charge the jury, these should have been specified and pointed out in the motion for a new trial, for consideration by this court.

■ The court did not err in refusing to permit the plaintiff, while on the witness-stand, to answer the question as to "what

that house was worth," referring to the house built by the defendants. This ruling was not error. The question involved in the case was, whether the defendants had complied with their contract for the erection of the building in question, and whether they met the specifications of the contract. The plaintiff could no more testify as to what the house was worth when built than the defendant could have introduced evidence to show what it was worth. It was not a question as to what it was worth, but whether the contract was breached.

■ The evidence was sufficient to authorize the verdict for the defendants. *Judgment affirmed. All the Justices concur.*