### COWART, administrator, *v.* GREEN.

GRICE, Justice. 1. A motion by the plaintiff to dismiss the defendant's cross-action for specific performance, based on the contention that the same was barred by the statute of limitation, was properly overruled, the suit being for recovery of land, the cross-action containing allegations to the effect that defendant was in possession under a contract, fully performed on his part, by the terms of which the property was to be his, he on the faith of such contract entering into possession, the pleadings disclosing no assertion against him of an adverse claim, and no fact or circumstance to put him upon notice of such claim, until the filing of the instant suit. Compare *Pavlovski* v. *Klassing,* 134 *Ga.* 704 (3) (68 S. E. 511) ; *Smith* v. *Burrus,* 139 *Ga.* 10 (76 S. E. 362) ; *Copelan* v. *Monfort,* 153 *Ga.* 558 (113 S. E. 514) ; *Cleaveland* v. *LaGrange Banking & Trust Co.,* 187 *Ga.* 65 (200 S. E. 137).

2. "Equity will specifically enforce a parol agreement entered into between two persons, by the terms of which one is to perform certain services during the lifetime of the other, and the latter is to convey certain land at or before his death in consideration of such services, if the contract be definite and specific, based upon a full or partial performance of consideration in the way of services performed on the one side and a failure or refusal to perform on the other, and the proof of such contract be clear, strong, and satisfactory." *Bird* v. *Trapnell,* 149 *Ga.* 767 (102 S. E. 131).

3. Fairly construed, the petition to the effect that the plaintiff's intestate would "give" to defendant the former's interest in the land, provided the defendant would do certain things, and the evidence in support thereof, carried with it the meaning that a deed would be executed upon the completion of his part of the contract or at least within a

reasonable time thereafter. *Whitehead* v. *Dillard*, 178 *Ga.* 714, 718 (174 S. E. 244).

4. In view of the pleadings and the evidence it was not erroneous to give in charge to the jury the following: "I charge you that if you should find that the contract was made, as contended by the defendant, the fact that Mrs. Green continued to live on the property with him would not prevent his possession, if it otherwise measures up to the rules that I call to your attention, from being such possession as would authorize a recovery, if you find that he is otherwise entitled to recover."

5. Upon a review of the evidence, it is adjudged sufficient to support the verdict. The trial judge having approved the verdict, the judgment refusing a new trial is *Affirmed. All the Justices concur.*

No. 14105. MAY 27, 1942.

64

*Howell Brooke* and *Wood & Spence,* for plaintiff.
*H. G. Vandiviere* and *A. J. Henderson,* for defendant.