### MANN, executor, *v.* MOSELEY.

WYATT, Justice. This action for specific performance of a contract to make a will was filed by Mrs. Nell Moseley against James W. Mann, personal representative of the estate of Luther J. Brown. The defendant filed his answer denying all the material allegations of the petition. At the trial, the evidence for the plaintiff was, and the jury was authorized so to find, that shortly after the death of the wife of Luther Brown in October, 1947, Mr. Brown who was 84 years old, agreed to leave everything he had at his death to Mrs. Moseley if she would look after him and allow him to live in her home until he died; that Brown lived in the home of Mrs. Moseley until his death in March, 1949; that Mrs. Moseley cared for the deceased, provided his necessities, and nursed him in his illnesses in the best possible manner

during all that time. The defendant introduced evidence tending to show that Brown bought and paid for his own medicines; and that he purchased groceries and, on at least one occasion, paid for a load of coal. The jury was authorized to find, however, that the deceased was reimbursed for the coal and the groceries; and that the plaintiff also bought medicine for the deceased for which she had not been repaid. The defendant also introduced evidence tending to show that the deceased loaned the Moseleys sums of money which had not been repaid. Mr. Brown died leaving a will, dated December 22, 1947, which left his property to persons other than the plaintiff. The jury found in favor of the plaintiff, and judgment was entered decreeing specific performance. A motion for new trial was duly filed and overruled. The exception here is to that judgment. *Held*:

1. "Contracts under which one of the contracting parties agrees with the other, for a valuable consideration, that he will make a will giving to the other property, either real or personal, have been sustained and enforced in America from the earliest times, and the validity of such contracts seems now to be beyond all doubt." *Banks* v́. *Howard*, 117 *Ga.* 94 (43 S. E. 438). However, a plaintiff seeking to enforce such a contract must prove the precise contract beyond a reasonable doubt. *Matthews* v. *Blanos*, 201 *Ga.* 549 (40 S. E. 2d, 715); *Printup* v. *Mitchell*, 17 *Ga.* 558 (63 Am. D. 258); *Salmon* v. *McCrary*, 197 *Ga.* 281 (29 S. E. 2d, 58). The contract must also be fair and just. *Shropshire* v. *Rainey*, 150 *Ga.* 566 (104 S. E. 414); *Whitehead* v. *Dillard*, 178 *Ga.* 714 (174 S. E. 244); *Brogdon* v. *Hogan*, 189 *Ga.* 244 (5 S. E. 2d, 657). The fairness of the contract is usually to be determined as of the date of its making. *Whitehead* v. *Dillard*, supra. The person seeking specific performance of such a contract must show, in addition to the contract, a substantial compliance with his part of the agreement. *Matthew* v. *Blanos*, supra, and cases cited. Applying the above rules to the facts in the instant case, we find that the plaintiff in the court below made out a case from which the jury was authorized to find that she was entitled to specific performance of the alleged contract to make a will. The evidence as to the making of the contract was clear and definite. It was amply sufficient to authorize the verdict. It further appeared from the evidence that the contract was fair and just, the evidence being that, at the time the contract was allegedly made, the property of the deceased was worth about $4000, and that his life expectancy was about 4 and 39/100 years. It is admitted by all parties that Mr. Brown lived in the home of the plaintiff from the time the contract was allegedly made until his death. It is not contradicted that the plaintiff looked after the deceased, cared for him, and nursed him when he was sick in the most capable and thoughtful manner. The evidence of the plaintiff is also clear, and the jury was authorized so to find, that the plaintiff provided the deceased with the necessities of life, for which she was not reimbursed. It follows, the evidence was abundantly sufficient to authorize the verdict, and there is no merit in the general grounds of the motion for new trial.

2. Special ground one of the motion for new trial sets out a long excerpt from the charge of the court. The assignment of error is as follows: "Movant contends that the said charge was error for the reason (a)

that it was not a correct statement of the law applicable to the pleadings and the evidence in the case; (b) movant further contends that such charge was erronous and injurious to him because it was misleading and confusing to the jury in that the jury was instructed by the court that movant alleged and contended that if Judge Brown lived in the home with Mrs. Nell Moseley, he lived there at his own expense and that if there were any services rendered that he paid for those services at the time. Respondent alleges in paragraph (5) of her petition 'Petitioner has no adequate remedy at law.' Movant answered paragraph (5) as follows: 'Defendant admits paragraph (5) of plaintiff's petition so far as specific performance is concerned. Further answering said paragraph defendant avers that plaintiff has an adequate remedy at law. for any services that she rendered to Luther J. Brown.' (c) Said charge is further misleading and confusing because the court charged all the material contentions of the Respondent (Winning Party) and failed to charge all the material contentions of the Movant." Such an assignment of error is too general and indefinite to present any question for consideration by this court. See, *Shannon* v. *Success Construction Co.,* 171 *Ga.* 519 (156 S. E. 205); *Seaboard Air-Line Railroad* v. *Randolph,* 136 *Ga.* 505 (71 S. E. 887); *McCord* v. *McCord,* 140 *Ga.* 170 (78 S. E. 833); *Carswell* v. *Smith,* 145 *Ga.* 588 (89 S. E. 698).

3. Special ground two complains of certain testimony given at the trial. Since it does not appear in the record that such testimony was objected to on the trial of the case, this ground can not be considered here. *Cain* v. *Ligon,* 76 *Ga.* 102. It follows from what has been said above, the judgment of the court below denying a new trial was not error.

*Judgment affirmed. All the Justices concur.*

No. 17549. ARGUED SEPTEMBER 10, 1951—DECIDED OCTOBER 10, 1951.

*Alan Kemper* and *Lee Hutcheson,* for plaintiff in error.
*W. H. Reynolds* and *Lester Dickson,* contra.