## 19334. DAVIS, Administrator, *v.* DAVIS.

HAWKINS, Justice. Missouri C. Davis died intestate on March 5, 1954, and L. R. Davis, as administrator of her estate, advertised for sale seventy acres of land as property of her estate, whereupon J. M. Davis, who is alleged to be the only living brother of the intestate, filed in the court of ordinary his statutory claim affidavit, alleging that the seventy acres of land being advertised for sale was not the land of the decedent, but that of the claimant, which claim was duly transmitted to Thomas Superior Court. Before the trial term, the administrator, by proper pleadings, called upon the claimant to assert his claim of title, alleged that the property belonged to the estate of his intestate, and prayed that title thereto be decreed in him as such administrator, and that the claimant be restrained and enjoined from interfering by claim or otherwise with the plaintiff in administering on said land. The claimant filed an amendment to his statutory claim, which, as amended, alleged that on June 2, 1951, Missouri C. Davis entered into a contract with the claimant whereby she proposed and agreed with the claimant that he move into her home on the land in question with his family, and live there with her and she live with them, all as one family; that she and they continue to live there as long as she lived and she have the companionship of him and his family and the home life there together with them; that he take full possession of the land and operate the farm thereon without any charge for rent, other than supporting and providing for her; that he maintain and support her and provide for all her needs as long as she lived in the manner to which she was accustomed; and that, in consid-

eration therefor, she would give and grant to him her said land, subject to a life estate in her, and would make him a deed accordingly; that he accepted said agreement and entered into said contract with her, moved into said home, and she placed him in full possession of said land; that he and his family had lived there since that time, and he has been in possession of said land continuously since said time and is now in possession thereof, and has carried on all the farming operations ever since that time; that he maintained and supported said Missouri C. Davis as long as she lived in the same manner to which she was accustomed; he provided all necessities for her, and she lived in the companionship of him and his family, eating at the same table and sharing in all activities of the home until her death. He further alleged that she was 75 years of age at the time of the making of said contract; that she was practically blind in one eye and could not see well out of the other; was unable to prepare her meals, do her laundry, or attend to general housekeeping duties; that it was difficult for her to attend to any business activities outside the home, such as shopping for herself or going into town on any business; that her age and condition made it necessary that she live with someone who could and would do all such things for her; that he attended to all such matters; that his wife prepared and served the meals, did the laundry, milked the cows, attended to the chickens in the yard, attended to all the personal and intimate requirements of Missouri C. Davis, and attended to all general household duties of the home,'providing for her the same as for all other members of the family. It was further alleged that the land is of the value of $4,000 to $5,000; that the home and all improvements are in a bad state of repair; that the services, support, and companionship furnished by claimant under said contract were of such nature they are difficult to evaluate in terms of money, since the companionship could not be purchased in terms of money or be obtained from any other source; that the services, care, and support which the claimant furnished under said contract would have been worth at least $100 per month from a purely commercial standpoint; that she agreed to give her property at her death for such consideration, and was satisfied as to the relative values. The claimant alleged that he had fully performed his part of said contract as long as Missouri C. Davis lived, and buried her when she died; that she left no other estate but said land; that she failed to make the claimant any deed or grant as contracted for on said land and left no will; and that, by reason of the facts alleged, the claimant has a perfect equitable title to said land and is entitled to a decree of court against the administrator.

The administrator's demurrer to the claim was overruled, the case went to trial, the jury returned a verdict for the claimant, a decree was entered thereon, and to the judgments overruling his demurrer and his amended motion for a new trial the administrator excepts. *Held:*

1. Equity will enforce a parol agreement entered into between two persons, by the terms of which one is to support and provide for, and perform certain services during the lifetime of the other, and the latter is to convey certain land in consideration for such support and services, reserving a life estate therein, if the contract be definite and specific, based upon a full performance of the consideration in the way of services per-

formed, support and maintenance on the one side, and a failure to perform on the other. *Bird* v. *Trapnell*, 149 *Ga.* 767 (102 S. E. 131); *Cowart* v. *Green*, 194 *Ga.* 62 (20 S. E. 2d 577); *Matthews* v. *Blanos*, 201 *Ga.* 549 (40 S. E. 2d 715); *Mann* v. *Moseley*, 208 *Ga.* 420 (67 S. E. 2d 128).

(*a*) Applying the foregoing ruling to the pleadings of the claimant in the instant case, the trial judge did not err in overruling the general demurrer thereto.

(*b*) The special grounds of demurrer, while insisted upon, are not argued. They have been considered and are held to be without merit.

2. Since the claimant alleged that, under the terms of the contract, the decedent was to and did retain a life estate in the property here involved, he was under no obligation during her lifetime to list the property as his in his tax returns; and it was not error, as insisted by ground 4 of the amended motion for a new trial, to exclude from evidence certified copies of the tax returns of the claimant for the years 1951 through 1954, which returns did not include the land here involved.

3. Special ground 5 of the motion for a new trial complains of the following excerpt from the charge: "L. R. Davis as administrator of the estate of Missouri C. Davis attempted to take over and sell this property at public sale and J. M. Davis has filed his claim claiming that he had a parol contract from Missouri C. Davis that if he would look after her for and during her life, he and his family, or he and his wife, that at her death the property would go to him," and insists that the charge as given is erroneous, because (a) it amounted to an expression of opinion by the court, and was not authorized by the pleadings; (b) it was confusing to the jury; and (c) it was misleading to the jury. The charge complained of is not subject to the criticism offered. While this particular excerpt did not contain all of the contentions of the parties, it was a brief statement of the substance of the claimant's contentions, and in addition thereto the court instructed the jury that they would have the pleadings out with them and could refer to the pleadings themselves for a more specific elaboration of the contentions of the parties in the case.

4. On the trial of the case, the judge, after instructing the jury that they could refer to the pleadings for a more specific elaboration of the contentions of the parties in the case, in connection therewith further instructed the jury that "The pleadings are not evidence, they have no probative value whatsoever." This excerpt is excepted to upon the grounds: (a) it was an incorrect statement, in that the pleadings in this case had been introduced into evidence by the movant without objection, and the instruction had the effect of instructing the jury to disregard competent evidence introduced for movant; (b) it was confusing to the jury; and (c) it was misleading to the jury. When the excerpt complained of is considered in the connection in which it was given during that portion of the charge dealing with the right of the jury to refer to the pleadings in order to ascertain the contentions of the parties, we do not deem it sufficiently harmful to require the grant of a new trial.

5. Upon review, the evidence is sufficient to prove with the degree of certainty required by law the alleged parol agreement by the decedent and

the performance thereof by the claimant, and to support the verdict in favor of the claimant. The trial judge having approved the verdict, the judgment refusing a new trial is

*Affirmed. All the Justices concur.*

ARGUED MAY 14, 1956—DECIDED JUNE 12, 1956.

*Forester & Calhoun, P. C. Andrews, Sr.,* for plaintiff in error.
*Jesse J. Gainey, James T. Gainey,* contra.