20704.  RODGERS, Administrator *v.* STREET *et al.*

ARGUED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*Ford & Houston, John R. Rogers,* for plaintiff in error.

*Robt. B. Williamson,* contra.

MOBLEY, Justice. " 'Contracts under which one of the contracting parties agrees with the other, for a valuable considera-·tion, that he will make a will giving to the other property, either real or personal, have been sustained and enforced in America from the earliest times, and the validity of such contracts seems now to be beyond all doubt.' *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438). However, a plaintiff seeking to enforce such a contract must prove the precise contract beyond a reasonable doubt . . . The contract must also be fair and just . . . The fairness of the contract is usually to be determined as of the date of its making. . . The person seeking specific performance of such a contract must show, in addition to the contract, a substantial compliance with his part of the agreement." *Mann* v. *Moseley,* 208 *Ga.* 420, 421 (1)' (67 S. E. 2d 128). See also *Printup* v. *Mitchell,* 17 *Ga.* 558 (63 Am. Dec. 258); *Salmon* v. *McCrary,* 197 *Ga.* 281 (29 S. E. 2d 58); *Matthews* v. *Blanos,* 201 *Ga.* 549 (40 S. E. 2d 715); *Davis* v. *Davis,* 212 *Ga.* 413 (93 S. E. 2d 356); and *Zachos* v. *Citizens & Southern Nat. Bank,* 213 *Ga.* 619 (100 S. E. 2d 418).

Applying the foregoing principles of law to the facts in this case, we find that the evidence amply supports the verdict of the jury that the defendant W. T. Street was entitled to specific performance of the contract.

The evidence is uncontradicted that Street complied with the terms of the alleged contract by moving to the decedent's Worth County farm, where the decedent lived with the Street family as though he were a member of it, and by providing the decedent with all household requirements and services allegedly contracted for. The evidence is also uncontradicted that the terms of the alleged contract were fair and just, and that the decedent owned no property other than the farm in question.

Barbara Jean Street, the defendants' daughter, testified that she heard the negotiations between her father and the decedent and that the decedent promised her father that, if he

645

would move to the farm, take care of him, and treat him as a member of the Street family, at his death everything he owned would go to Street. This testimony was amplified by the testimony of Mrs. Clyde Edwards, who heard preliminary discussions between Mrs. Street and the decedent, in which the decedent tried to induce Mrs. Street to prevail upon her husband to move to the farm; and by the testimony of Lewis A. Conger, with whom the decedent had discussed his arrangement with Street. Barbara Jean Street further testified that the decedent, during the negotiations, had told her father that he could handle the farm in any manner he saw fit.

The plaintiff introduced in evidence four identical rent contracts for the years 1953, 1954, 1955, and 1956, the year of the decedent's death, by which the decedent rented his farm to Street, the consideration being that Street should "care for and maintain the said party of the first part as a member of his family." The plaintiff contends that these rent contracts constituted the sole agreement between the decedent and Street, and that they were inconsistent with the alleged oral contract entered into by Street and the decedent whereby the decedent would leave the farm to Street. However, the testimony of B. B. Toney, a member of the Toney Brothers firm, from whom Street bought fertilizer on credit, showed that the sole purpose of the rent contracts, which recited no monetary consideration, was to give Toney Brothers a first lien, superior to a landlord's lien for rent, on Street's crops. It thus appears that a portion of the parol contract was simply embodied in the rent contracts to satisfy the requirement of Toney Brothers.

The evidence was amply sufficient to support the verdict of the jury that there was a valid and enforceable parol contract between Street and the decedent.

*Judgment affirmed. All the Justices concur.*