20754.  ALLEN, Executor, *et al. v.* BOBO.

ARGUED JANUARY 11, 1960—DECIDED FEBRUARY 11, 1960.

708

*Peyton S. Hawes, Stapleton & Williford, Wm. F. Grant,* for plaintiffs in error.

*J. T. Sisk,* contra.

MOBLEY, Justice. ■ There is no merit in ground 1 of the motion to dismiss the bill of exceptions filed by the defendant in error. The case of *Shetzen* v. *C. G. Aycock Realty Co.,* 93 *Ga. App.* 477 (1) (92 S. E. 2d 114), relied upon by the defendant in error, was decided prior to the passage of the act of 1957 (Ga. L. 1957, p. 224, sec. 2), amending Code § 6-701 by adding: "Where bill of exceptions is permissible, all judgments, rulings, or orders rendered in the case which are assigned as error, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order excepted to was final, or was subject to review by some other express provisions of law contained in this section, or elsewhere." Since, under this provision, the bill of exceptions on appeal from the judgment of the trial court denying the motion for a judgment notwithstanding the mistrial was permitted, this court must review the ruling

on demurrer where assigned as error in the bill of exceptions. The motion to dismiss the bill of exceptions is denied.

■ (a) The two defendants filed identical but separate general demurrers to the petition. As against the general demurrer, the petition stated a cause of action for the relief sought against Frank H. Allen, as executor of the estate of Mrs. Mary A. Allen. The plaintiff alleged that on July 7, 1952, she and her family rented an apartment in the home of Mrs. Mary A. Allen and lived there for about three months; that at the time she moved therefrom Mrs. Allen orally contracted and agreed with the plaintiff that, if she would continue thereafter to care for the needs of Mrs. Allen as long as she lived, she would convey to the plaintiff her described home place in Elberton; that the plaintiff thereafter continued to look after and care for Mrs. Allen, visiting her home regularly, doing her housework, preparing most of her meals, doing all of her washing and ironing, cleaning the yards, and complying with any and all requests made by Mrs. Allen until April 5, 1957, at which time Mrs. Allen became ill and moved into the plaintiff's house where she stayed more than four weeks; that, after Mrs. Allen recovered, she returned to her home; that, at that time, Mrs. Allen renewed and repeated the oral contract previously made that she would, on or before her death, convey the real estate to the plaintiff for past and future services rendered to her; that, on July 2, 1958, the plaintiff and her family moved into the house with Mrs. Allen, and on the day before she moved in Mrs. Allen orally reiterated and reconfirmed her previous oral contract that she would convey the property to the plaintiff; that, from that date until Mrs. Allen's death on July 16, 1958, the plaintiff performed all the household duties, waited upon and cared for Mrs. Allen in conformity with her contract, and improved the property by rebuilding the porch and making other repairs; that Mrs. Allen died without having conveyed the property to her; that the plaintiff had been in possession of the property since July 2, 1958; that the fair market value of the property was $2,000; and that the services rendered by the plaintiff to Mrs. Allen under their oral contract exceeded the value of the property.

Equity will specifically enforce a parol agreement entered into

between two persons, by the terms of which one is to perform certain services during the lifetime of the other, and the latter is to convey certain land at or before his death in consideration of such services, if the contract be definite and specific, based upon a full performance of consideration in the way of services performed on the one side and a failure or refusal to perform on the other. *Bird* v. *Trapnell*, 149 *Ga.* 767 (2) (102 S. E. 131); *Cowart* v. *Green*, 194 *Ga.* 62 (2, 3) (20 S. E. 2d 577); *Matthews* v. *Blanos*, 201 *Ga.* 549 (40 S. E. 2d 715); *Mann* v. *Moseley*, 208 *Ga.* 420 (67 S. E. 2d 128); *Davis* v. *Davis*, 212 *Ga.* 413 (93 S. E. 2d 356).

Fifty-eight years ago, this court in *Banks* v. *Howard*, 117 *Ga.* 94, 96 (43 S. E. 438), stated: "Contracts under which one of the contracting parties agrees with the other, for a valuable consideration, that he will make a will giving to the other property, either real or personal, have been sustained and enforced in America from the earliest times, and the validity of such contracts seems now to be beyond all doubt." During the intervening years, this court in numerous decisions reaffirmed that statement and upheld the validity of such contracts. For a few of these decisions, see: *Gordon* v. *Spellman*, 145 *Ga.* 682 (1) (89 S. E. 749, Ann. Cas. 1918A 852); *Whitehead* v. *Dillard*, 178 *Ga.* 714 (174 S. E. 244); *Harp* v. *McGehee*, 179 *Ga.* 836 (1a) (177 S. E. 244); *Bullard* v. *Bullard*, 202 *Ga.* 769 (44 S. E. 2d 770); *Bowles* v. *White*, 206 *Ga.* 433 (57 S. E. 2d 547); *Zachos* v. *Citizens & Southern Nat. Bank*, 213 *Ga.* 619 (100 S. E. 2d 418).

Applying the principles enunciated in the foregoing cases to the petition in this case, it is clear that a cause of action for specific performance of an oral contract to convey the described property is set out.

As against the defendant H. B. Beasley, the petition likewise sets out a cause of action; for it alleges that, after the death of Mrs. Allen, the plaintiff notified Frank H. Allen, the executor of Mrs. Allen's estate, of the aforesaid contract, that the plaintiff was in possession of the property and intended to remain in possession, claiming title to said property under said contract; that, on August 9, 1958, Frank H. Allen, the executor of Mrs. Allen's estate, executed and delivered to H. B. Beasley a

warranty deed conveying the described property; that, at the time of the execution and delivery of this deed and prior thereto, the plaintiff was actually in possession of the property; that on August 6, 1958, prior to the execution of the deed to Beasley, the plaintiff through her husband and agent, James Bobo, notified H. B. Beasley that she claimed title to the property and intended to hold possession of it; and that Beasley bought said property with full notice of the plaintiff's right, title, and interest therein. "To make an equitable plea setting up a parol contract for the purchase of land and the performance of that contract available against a subsequent vendee from the same vendor, the plea must allege that the first purchaser had possession of the premises when the second acquired his title, or that the latter had notice, actual or constructive, of the outstanding parol title, or that for some reason the second purchaser was not a bona fide purchaser for value." *Hamilton* v. *Williford*, 90 *Ga.* 210 (1) (15 S. E. 753). "Possession of land is notice of whatever right or title the occupant has." Code § 85-408. "Possession of land is notice to the world of every right that the possessor has therein, legal or equitable." *Garbutt & Donovan* v. *Mayo*, 128 *Ga.* 269 (1) (57 S. E. 495, 13 L. R. A. (NS) 58).

■ In the motion for a judgment notwithstanding the mistrial the defendants moved for a judgment in accordance with their motion for a directed verdict upon the following grounds:

"1. The evidence shows no consideration for the alleged oral conveyance to plaintiff.

"2. The evidence shows there was no exclusive possession of the property in question under the alleged oral conveyance by plaintiff.

"3. The evidence shows there were no substantial improvements of said property by plaintiff.

"4. The evidence shows that defendant H. B. Beasley is a bona fide purchaser for value, without notice of any defect in his title."

Paragraph 1 of the motion for a judgment notwithstanding the mistrial was amended, alleging that certain quoted evidence consisting of statements from Mrs. Bobo, certifying that she had received stated amounts from Mrs. Allen for services rendered

during certain weeks and what purported to be excerpts from the brief of evidence, showed that the alleged services rendered could not be consideration for the alleged oral contract to convey property. There is neither a brief of evidence included in the record nor any part of the evidence certified to by the trial judge. Each ground of the motion requires a consideration of the evidence to determine whether a verdict for the defendant was demanded by the evidence, and without the brief of evidence it cannot be determined whether the evidence demanded a verdict for the defendant. The necessity for a brief of evidence is not eliminated by Code (Ann.) § 70-301.1 where all grounds of a motion for new trial require consideration of the evidence (*Foster* v. *Jones*, 208 *Ga.* 320, 66 S. E. 2d 743); and this is likewise true in considering a motion for a judgment notwithstanding the mistrial, where all the grounds are based upon the contention that the evidence demanded the verdict sought. Accordingly, this court is unable to say that the judgment of the trial court denying the motion for a judgment notwithstanding the mistrial was erroneous.

*Judgment affirmed. All the Justices concur.*