## COURSON v. PEARSON.

1. As the "general grounds" of a motion for a new trial, complaining that the verdict is contrary to the evidence, without evidence to support it, etc., contain no recital of fact requiring certification by the trial judge, they need not be approved by him in order to be considered (*Harris* v. *State,* 120 *Ga.* 196) ; and therefore the lack of such approval furnishes no cause "to strike" the original motion for a new trial, or the amended and properly approved motion therefor, or to dismiss the writ of error.

2. Where there is no affirmative defense, or no plea in the nature of confession and avoidance, the burden of proof is upon the plaintiff, and he is not entitled to recover, unless, in the opinion of the jury, the preponderance of the evidence is in his favor. The charge excepted to was not in harmony with this principle, and, under the facts of the case, placed upon defendant an unauthorized burden, and was cause for a new trial.

Submitted January 22,—Decided June 17, 1909.

Equitable petition. Before Judge Worley. Hancock superior court. June 27, 1908.

*W. H. Burwell,* for plaintiff in error. *R. L. Merritt,* contra.

FISH, C. J.   1. The ruling stated in the first headnote needs no elaboration.

2.   This was an action for the specific performance of a contract for the sale of land. The plaintiff's contention was that the defendant, by agreement, was substituted for plaintiff's original vendor, and was, under the terms of the agreement, bound to convey to plaintiff, upon his payment to defendant of the balance of the purchase-price, all of which plaintiff alleged had been paid. Defendant denied such agreement, and contended that, at the instance of plaintiff, he purchased the land from plaintiff's vendor, upon plaintiff's agreement to rent the land from defendant at a stated rental, and that the amounts paid by plaintiff had been paid as rent, and not as purchase-money. On the trial each party submitted evidence tending to support his contention. The court instructed the jury as follows: ."The plaintiff in all civil cases is required to make out his case by the preponderance of the evidence. So that if you believe from the preponderance of the evidence that [plaintiff's] contention is made out prima facie, then he would have the right to recover in the case as made. I charge you in addition to that, that if the plaintiff has made out a prima facie case and the defendant undertakes to set up a different contract from that, it becomes the duty of the defendant to set up his contention by a preponderance of the testimony, before he would be entitled to recover. . . If you should conclude that he [plaintiff] has made out his contention by a preponderance of the testimony, that would be a prima facie case that would entitle him to recover. If defendant has undertaken to set up a different contention, you will apply the same rule to it and say whether or not he has made it by preponderance of the testimony." These instructions put an unauthorized onus upon the defendant, and were calculated to mislead the jury to his prejudice, and were therefore cause for a new trial in his behalf. "The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential." Civil Code, §5160. And where, as in this case, there is no affirmative defense, or no

plea in the nature of confession and avoidance, the burden of proof lies upon the plaintiff; and after all the evidence for both parties has been submitted, the plaintiff is not entitled to recover unless, in the opinion of the jury, the preponderance of the evidence is in his favor

*Judgment reversed.    All the Justices concur.*