## SOUTHERN RAILWAY COMPANY *v.* FLEMING.

1. The court did not err in allowing the amendment to the petition, alleging that the agents and servants of the defendant had employed greater force than was necessary in ejecting him from the train, over the objection that such amendment set forth a new cause of action.

2. The defense in this case consisted entirely of a denial of the allegations contained in the petition upon which the plaintiff based his right to recover; and it was error for the court to charge the jury as to the shifting of the burden of proof, whereby the onus would be upon the defendant to establish its defense by a preponderance of the evidence.

The burden of proof, under the pleadings and the testimony introduced, was upon the plaintiff, and it was a question for. the jury to decide, when the evidence of both parties had been submitted, whether the plaintiff had established the essential allegations of the petition by a preponderance of the evidence; in which case only would he have been entitled to recover.

NOVEMBER 17, 1913.

Action for damages. Before Judge Meadow. Franklin superior court. December 31, 1912.

*W. R. Little, G. L. Goode,* and *A. G. & Julian McCurry,* for plaintiff in error. *W. L. Hodges,* contra.

BECK, J. J. W. Fleming brought suit against the Southern Railway Company, alleging, in his petition as originally filed, that he had been wrongfully ejected from the train upon which he was a passenger. He tendered the conductor upon the train his fare at the ticket rate of three cents a mile, but the conductor refused to accept fare at that rate, and demanded fare at the rate of four cents a mile. This the plaintiff refused to pay, insisting that he went to the ticket-office at the station where he boarded the train, for the purpose of buying a ticket, "something like fifteen minutes before the train arrived," but the defendant's agent was not in the office at that time; that he went again to the ticket-office a little after the arrival of the train, but could not procure a ticket on account of the absence of the agent from the office, he being elsewhere engaged in checking freight. The plaintiff contended that his failure to procure a ticket was in no way due to an omission upon his part to exercise proper diligence, but that it was owing entirely to the failure of the agent of the railway company to be in his office. In an amendment offered and allowed the plaintiff alleged that in expelling him from the train the agents and employees of the company used a greater degree of force than was necessary, and in this way committed a tort against him, for which he was entitled to recover damages.

1. The defendant objected to the allowance of the amendment, on the grounds that it was not germane to the original suit, and set up a new cause of action. It was not demurred to specially on the ground that it was not sufficiently specific in setting forth what acts constituted the excessive force or violence used by the defendant's agents and employees. It was not open to the objections presented. It is true that when this case was before us on a former

occasion, and the judgment overruling the defendant's motion for a new trial was under review (128 *Ga.* 241, 57 S. E. 481, 10 Ann. Cas. 921), it was held that the plaintiff's case was based upon the wrongful expulsion from the train, and not upon a contention that a greater degree of force than was necessary had been employed. But in the original petition it was alleged that certain employees of the defendant, acting under the direction of the train conductor, "with force and arms seized the body of your petitioner and in a rough and rude manner pushed him off the train;" that "the expulsion of petitioner from the train was illegal and grossly abusive;" and that "on account of the illegal expulsion from the train, which occurred in the presence of a large number of passengers, and the manner in which the same was done, and consequently the humiliation of his pride, mortification of his feelings, and infringement of his right as a passenger," the defendant had damaged the petitioner, etc. We think it is clear that in view of these allegations in the original petition the court did not err in holding that the amendment allowed did not set up a new cause of action.

2. The court instructed the jury as follows: "This same rule of preponderance of evidence applies to the defense; when the defense undertakes to set up a defense, if the plaintiff brings to you the preponderance of the evidence in favor of his contentions, and the defense undertakes to set up defenses, then the same burden of proof would be on the defense to prove the allegations of their defense by a preponderance of the evidence, before you would be authorized to find for the defendant." And in another part of the charge the court gave the following instruction: "If he brings that amount of testimony to your minds, and then if that testimony is rebutted and if the defenses set up are established to your minds, and there is a greater weight of evidence as to the truth of the defenses set up, and you believe the defenses are made out over and above the contentions of the plaintiff, in that event you would be authorized to find for the defendant." The defense in this case consisted in a denial of the plaintiff's contentions upon which he sought to base his right to a recovery against the defendant. He insisted that he exercised due diligence to procure a ticket before boarding the defendant's train, and for that reason was entitled to be carried at the usual ticket rate. The defendant in substance

denied this. The plaintiff further contended and introduced evidence to show that in effecting his expulsion from the train the defendant's employees and agents used greater force than was necessary to effect the ejection. The defendant denied this. There was no affirmative defense set up by the defendant; and that being true, the charges set forth above should not have been given, as they put an unauthorized onus upon the defendant. No elaborate discussion of this ruling is necessary. Under the pleadings and evidence, the questions raised by the exceptions to the instructions set forth above fall within the ruling made in the case of *Courson* v. *Pearson,* 132 *Ga.* 698 (64 S. E. 997).

There were some inaccuracies in other parts of the court's charge to the jury; but the charges complained of, except in the respect indicated above, were substantially correct and contained no errors requiring the grant of a new trial.

*Judgment reversed. All the Justices concur.*