## FARMERS STATE BANK *v.* KELLEY.

1. The court did not err in admitting the evidence set out in the first division of the opinion. (Hill and Gilbert, JJ., dissent.)
2. The defense in this case consisted entirely of a general denial of the allegations contained in the petition, upon which the plaintiff based her right to recover, and the answer set out no affirmative defense; and it was error for the court to instruct the jury as to the shifting of the burden of proof from the plaintiff to the defendant. Under the pleadings and the testimony introduced, the burden of proof was upon the plaintiff, and it was a question for the jury to decide, under the evidence of both parties, whether the plaintiff had established the material allegations of the petition by a preponderance of the evidence, in which case only would she have been entitled to recover.

No 4256. NOVEMBER 19, 1924.

Equitable petition. Before Judge Shurley. Lincoln superior court. February 11, 1924.

*C. J. Perryman,* for plaintiff in error.

*Homer Legg* and *Colley & Colley,* contra.

HILL, J. Mrs. Floy Elam Kelley brought an equitable action against the Farmers State Bank, to cancel an assignment of a life-insurance policy in the Inter-Southern Life Insurance Co., upon the life of Sheldon E. Kelley, for the sum of $1000. The plaintiff is named as beneficiary in said policy, by revocable designation. The assignment was made to the defendant by Sheldon E.

Kelley to secure an indebtedness to the defendant in the alleged sum of $585. It is alleged that the whole consideration of the assignment of the policy was the securing of the indebtedness of plaintiff's husband to the bank, and that at the time of the assignment, in which the plaintiff joined, Sheldon E. Kelley was ill and was not in mental condition to conduct or transact business, and that under pressure of the bank the assignment was made and plaintiff signed the same under protest, the assignment being made less than one week before the death of plaintiff's husband; that the assignment under the circumstances was entirely void and of no effect; but that with the assignment in existence the insurance company declines to pay the same. Plaintiff prays that she may have judgment declaring the assignment void. The defendant denied the material allegations of the petition, except that the insurance company declined to pay the same, and averred that Sheldon E. Kelley had the legal right to make the assignment to the bank under the terms of the policy, and that such assignment was valid and binding even without plaintiff's joining with him in making the same. Defendant also denied that Sheldon E. Kelley was not in mental condition to conduct or transact business at the time the assignment was made. The jury returned a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled, and it excepted.

1. The first ground of the amended motion for new trial alleges error, "because the following material evidence was illegally admitted to the jury by the court over the objection of movant, to wit, the testimony of R. R. Ramsey, a witness for the plaintiff: Q. You say you paid the premium on this policy? A. Yes sir. Q. In December? A. Yes sir. Q. Was it unpaid when you paid it? A. Of course it was unpaid. Q. Was it due? A. Yes sir. Q. And unpaid? A. Yes sir. Q. And you paid them? A. I paid them. Q. Did you speak to his wife or anybody about it? A. Yes sir. Q. What was their financial condition? A. They did not have anything at that time. You heard these people say that they were hauling wood for them and he had no way to hire people to haul wood for him." The objection to the admission of the evidence was that the financial condition of the plaintiff and her husband was not in issue, and that it was improper for the jury to hear evidence bearing upon their financial

condition, or as to who paid the premium on the policy.    The sole issue in the case is whether or not Sheldon E. Kelley was, at the time he made the assignment of the life-insurance policy, in mental condition to conduct or transact business and whether his mind has become impaired and deranged.    The majority of the court are of the opinion that this evidence was admissible, and that the court did not err in its ruling admitting it.    Hill and Gilbert, JJ., dissent from this ruling.    *Smith* v. *Satilla Pecan Orchard & Stock Co.,* 152 *Ga.* 538 (3) (110 S. E. 303).

2.    Ground 5 of the amended motion assigns error on the following charge of the court:    "The burden of the case would then shift to the defendant, and it would be on them then to show to your satisfaction, before you would be authorized to find for them, the plaintiff having carried the burden, that Mr. Kelley was of sound mind; that he was capable of contracting, that he knew what he was doing, what disposition he was making of his property; and if they show that to your satisfaction and overcome the burden which was upon the plaintiff in the case, then you would be authorized to find for the defendant, and in that event it would mean that the transfer or assignment of the policy would not be canceled."    The criticism of this charge is that it shifted the burden of proof from the plaintiff, where it should have remained throughout the case, upon the defendant, where it did not legally belong; the defendant, under the pleadings, not having set up any affirmative defense, but merely made a denial of the allegations contained in the petition upon which the plaintiff based her right to recover.    The answer in this case shows that the defendant did not set up any affirmative defense, but it was a general denial of the allegations set out in the petition; and we are of the opinion that the charge complained of put a greater burden upon the defendant than the law required. *Mobley* v. *Lyon,* 134 *Ga.* 125 (67 S. E. 668, 137 Am. St. R. 213, 19 Ann. Cas. 1004) ; *So. Ry. Co.* v. *Fleming,* 141 *Ga.* 69 (2) (80 S. E. 325).

3.    Ground 2 of the motion for new trial, complaining of the admission of certain testimony of the plaintiff, does not require a reversal; nor do grounds 3 and 4, complaining of the failure to charge as therein set out, in view of the general charge which covered generally the principle contended for by the defendant, in

the absence of a timely written request; and it was not error not to charge more specifically, as contended.

4. As the case goes back for another hearing, we express no opinion on the sufficiency of the evidence to authorize the verdict.

*Judgment reversed. All the Justices concur.*