BATTLE *et al. v.* WILLIFORD, trustee.

GILBERT, J. 1. None of the grounds of the motion for a new trial assigning error on the admission of evidence show cause for a reversal.

2. Error is assigned on the following excerpt from the judge's charge to the jury: "I charge you that if you should believe in this case that the plaintiff, in connection with the evidence as to the transaction between Mr. Battle and Mrs. Whiteley, has developed what is known in law as badges of fraud, then I charge you in that event the burden of the case would shift to Mrs. Whiteley, and the burden would then be on her to show by the preponderance of the evidence the bona fides of the transaction; and that also applies to J. H. Battle." The criticism on the charge is, (a) that it placed upon the defendants an unauthorized burden not required by law, and was calculated to prejudice their rights before the jury; (b) there is no affirmative defense or plea in the nature of confession and avoidance made by the defendants in said case, and therefore the burden of proof was upon the

plaintiff; (c) the charge was incorrect as an abstract principle of law. *Held:* The defendant's answer being wholly defensive, it was error to charge the jury that if the evidence "has developed what is known in law as badges of fraud" the burden of proof would shift to the defendants. *Farmers State Bank* v. *Kelley,* 159 *Ga.* 280 (125 S. E. 467); *Courson* v. *Pearson,* 132 *Ga.* 698 (2) (64 S. E. 997); *Mobley* v. *Lyon,* 134 *Ga.* 125 (67 S. E. 668, 137 Am. St. R. 213, 19 Ann. Cas. 1004); *Southern Railway Co.* v. *Fleming,* 141 *Ga.* 69 (2) (80 S. E. 325).

3. Error is assigned on the following excerpt from the judge's charge to the jury: "I charge you further, if you believe that the contract was made for the purpose of hindering, delaying, and defrauding the creditors of Mr. Battle, and Mrs. Whiteley knew that or had reasonable grounds to suspect that, and you believe that the consideration was inadequate, and that Mr. Battle was retained as the agent of the insurance company or of Mrs. Whiteley, and that he was retained coupled with an interest in the Battle Insurance Agency, he then being insolvent, then I charge you, if you believe those facts, that you would be authorized to find for the plaintiff and to cancel the contract." The criticism is that the charge constituted an expression of opinion; (a) in the use of the words, "if you believe those facts;" (b) in the use of the term, "or had reasonable ground to suspect that," etc., because the statute on the subject uses the words "grounds for reasonable suspicion." *Held,* that the charge is not erroneous for either of the reasons assigned. The reference to "those facts" was not calculated to mislead the jury, who undoubtedly understood the charge to mean if they believed those to be the facts. The verbal inaccuracy in the placing of the word "reasonable" was not misleading or injurious.

4. Error is assigned on the following charge: "Constructive fraud consists in any act of omission or commission contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." *Held,* that this charge, even if inapplicable, would not require the grant of a new trial. The cause of action was based on the charge that one of the defendants assigned certain property to the other defendant with the intention to hinder, delay, and defraud creditors. The court charged Civil Code § 4622 in its entirety, including the words set out above. The charge as a whole clearly instructed the jury that they should find for the plaintiff only if under the evidence they found the transfer and assignment was made with the intent to hinder, delay, and defraud creditors.

*Judgment reversed. All the Justices concur.*

No. 4658. April 16, 1925.

Equitable petition. Before Judge Shurley. Warren superior court. December 8, 1924.

R. F. Williford, trustee in bankruptcy for James H. Battle, bankrupt, filed a petition against J. H. Battle and his daughter, Mrs. Louise Battle Whiteley, seeking to cancel a contract transferring and assigning "J. H. Battle Insurance Agency" from James H.

Battle to Mrs. Whiteley. The petition alleged that Battle was a bankrupt and was indebted to named creditors in specified amounts; that at the time of the transfer and assignment of the insurance agency he did not possess sufficient assets to pay the creditors, that the transfer and assignment was made for the purpose of hindering, delaying, and defrauding the creditors, and that the transferee knew or had grounds to reasonably suspect that the transfer and assignment was made for the purposes alleged. The jury returned a verdict for the plaintiff. The defendant filed a motion for a new trial, which was overruled, and the exception is to that judgment.

*L. D. McGregor,* for plaintiffs in error.

*J. P. Wilhoit* and *M. L. Felts,* contra.