25243. WYNNE, administrator, *v.* BUYERS.

DECIDED JULY 9, 1936.

661

*Emmett Smith,* for plaintiff in error.

*Boykin & Boykin, J. Harvey Beall, O. W. Roberts,* contra.

BROYLES, C. J. D. N. Buyers brought suit against J. D. Wynne, administrator of Mrs. Fannie Wynne, for a breach of contract for services rendered. The petition alleged that the deceased, Mrs. Wynne, had agreed that if the petitioner would be faithful in the performance of the services, she would will him the best house and lot that she owned, or leave him a sum of money equal in value to the services performed and to be performed by the petitioner. An itemized statement of the services rendered was attached to and made a part of the petition, showing that the services consisted, in the main, of carrying Mrs. Wynne to different towns, carrying her to a distant church, furnishing firewood, hauling pigs, assisting her in renting property, furnishing her with board and lodging, and attending to and waiting on her during her last illness; such services covering a period of approximately twenty years. The petition alleged that the promise of Mrs. Wynne "was renewed from year to year during the period of service," and that the "deceased was familiar with said charges, and agreed that said account was correct, and agreed that it was a reasonable charge, and agreed to make provision for the same in her will, which she failed to do." The defendant demurred generally and specially to the petition as amended, the general demurrer being on the ground that the allegations were too indefinite and uncertain, because the terms of the alleged contract were not definitely set out, and did not show the character or the length of service to be rendered by the plaintiff. The demurrers were overruled, exceptions pendente lite were filed, and the defendant assigns error thereon. The trial resulted in a verdict for the plaintiff. The defendant's motion for new trial was overruled, and on this judgment he assigned error.

Although contracts of this nature to render services of varied character over a long period of years can not be as specific as some other contracts, it is well settled that "A contract by which one of the contracting parties agrees with the other that he will make a will containing a legacy fully compensating the latter for services rendered and to be rendered to the former during his lifetime is valid and enforceable." *Banks* v. *Howard,* 117 *Ga.* 94, 96 (43 S. E. 438), and cit. It was definitely alleged that the consideration

for the plaintiff's services was to be the best house and lot that
.Mrs. Wynne owned, or a sum of money equal in value to the serv-
ices performed and to be performed; and that Mrs. Wynne had
agreed that the charges were correct. While it must be conceded
that the petition would have been more specific had it alleged defi-
nitely how long the services were to be performed, yet a reason-
able construction of the contract shows that it was the intention of
the parties that services of the nature of those set out in the item-
ized statement, performed *and to be performed,* should continue
so long as Mrs. Wynne should live. We think the allegations as
to the contract were sufficiently definite to withstand the demur-
rers, and that the court did not err in overruling them.

If the suit were upon a quantum meruit for the value of the
services rendered to the deceased during her lifetime, and were
not barred by the statute of limitations, undoubtedly the verdict
for the plaintiff would be authorized. But the record shows that
"it was agreed by counsel for both sides that the pleadings in the
case at bar constituted a suit at law for a breach of contract;"
and on that basis the verdict was not authorized by the evidence.
The verdict indicates that the jury decided the case on a quantum
meruit basis, and endeavored to award the plaintiff an amount
equal to the value of his services as they saw it, rather than the
value of his services due under the alleged contract. The itemized
statement for services rendered was for $1142.50, and the petition
alleged that the deceased had "agreed that said account was cor-
rect;" yet the verdict was for $300 instead of the amount agreed
to be correct. If the consideration were "the best house and lot"
that the deceased owned, the discrepancy is even greater, because
the evidence shows that the "house was worth $2000 or more at
the time of" Mrs. Wynne's death, this being more than the amount
sued for. There was no evidence to show that the deceased had
agreed to the correctness of the account as alleged, or that she
knew there was an account. In fact the wife of the plaintiff tes-
tified that "he did not keep it in a book. I suppose it was not
made out until after she died, the account wasn't." "The cases
generally agree that the parol contract of a decedent to give to
one a certain portion of his estate or to make provision for the
support of such one, in consideration of services rendered, can
only be enforced when the contract is clearly and satisfactorily

established, and when its terms are definite and certain." *Hill* v. *Hill*, 149 *Ga.* 50 (99 S. E. 31). In *Bird* v. *Trapnell*, 149 *Ga.* 767 (2) (102 S. E. 131), an equity case, it was held that proof of such a contract must "be clear, strong, and satisfactory." See also *Gordon* v. *Spellman*, 148 *Ga.* 394 (96 S. E. 1006). While there was proof in the instant case showing that the plaintiff rendered some services, and that the deceased had promised to compensate him therefor, the evidence as to a definite contract did not measure up to the rule above stated. The court erred in overruling the motion for new trial.

The three special grounds of the motion are each based on a refusal of the court to give a requested charge which would require strict proof relative to the contract. The principle of law set out in each of these grounds is correct; but the court is not compelled to adopt the language of counsel, and the charge as a whole sufficiently instructed the jury that the burden was upon the plaintiff to prove by a preponderance of the evidence that there was "a definite and certain contract." The court did not err in refusing to give the instructions in the language of the requests.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*