30136. BELLAMY *v.* GEORGIA POWER COMPANY.

DECIDED NOVEMBER 4, 1943. REHEARING DENIED NOVEMBER 20, 1943.

*G. Seals Aiken, George T. Manley,* for plaintiff.

*MacDougald, Troutman & Arkwright, Dudley Cook, W. H. Schroder,* for defendant.

PER CURIAM. This is the second appearance of this case here. See *Bellamy* v. *Georgia Power Co.,* 67 *Ga. App.* 569 (21 S. E. 2d, 294). The second trial resulted in a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and she excepted.

■ It was not error for the court to charge the jury as follows: "The defendant has the right to deny a paragraph if there is anything in that paragraph that it does deny." Counsel for the plaintiff in his argument before the jury sought to discredit the defendant because in its answer it had denied allegations of the plaintiff's petition which he contended should have been admitted by the defendant because it knew them to be true at the time of filing its answer. The charge excepted to was presumably given to remove from the jurors' minds any idea that the defendant had done anything for which it might be prejudiced or discredited in denying such allegations in the plaintiff's petition as have been referred to. Under our practice a defendant may deny as many of the plaintiff's allegations as he sees fit, and the denial of an allegation is not an affirmative declaration that the allegation is not true, but simply puts the plaintiff on notice that the burden is upon him to prove the allegation. We know of no rule of law or practice which penalizes the denial of allegations a defendant knows are true. The rule works both ways, and a plaintiff is not subject to penalty for alleging facts which he knows to be untrue at the time he makes them, where they are not made under oath.

■ The following charge was not harmful error: "I may add in connection with these pleadings that there are one or two amendments filed by the plaintiff. The defendant is not required to answer amendments, but the burden is upon the plaintiff to prove them by a preponderance of the evidence just the same." The only reasonable construction of this charge is that the defendant was not required to answer amendments, and that unless specifically admitted they were automatically denied. The charge was not likely harmful to the plaintiff, although the better practice would be to state the law somewhat as above so that all doubt about confusing the jury would be removed.

■ The following charge is excepted to: "Now, gentlemen, this case is based by the plaintiff upon certain acts of negligence on the part of the defendant, all set forth in the petition, and these allegations of negligence are denied by the defendant. So the burden of proof is on the plaintiff to prove them by a preponderance of the evidence before there could be a recovery." The court also charged the jury as follows: "You could not go outside and inquire whether or not the defendant was negligent in any other particular than as

set forth in the petition, the law being that if the plaintiff is enti-tled to recover at all in this case, it must be upon those specifications of negligence as set forth, or some one of them;" and: "In this case the law requires of the defendant, through its servants and agents, that it be in the exercise of ordinary care in so far as the particulars charged are concerned. Definition of ordinary care is just that care which every prudent person would exercise under the same or similar circumstances, and with definition it becomes a question of fact for you to say whether or not the defendant exercised ordinary care in so far as the particulars charged are concerned, or whether the defendant was guilty of negligence in so far as these particulars, or any of them, are concerned." When we consider the charge as a whole there does not seem to be any error, as alleged, in the charge here excepted to. When the court charged the excerpt which is the basis for the error assigned, he was endeavoring to state the issues made by the pleadings, and to instruct the jury generally, that under the allegations of the petition and the answer, the burden was upon the plaintiff to prove the issues thus formed. The instruction complained of, according to the whole charge of the court, dealt only with the formation of the issues and the burden of proof generally, and not with the degree of proof necessary for the plaintiff to recover. After giving the charge of which complaint is made, the court then specifically enumerated the specifications of negligence alleged in the petition and denied by the answer, and after having done so, correctly charged that the plaintiff would be entitled to recover if she proved any one or more of the allegations of negligence. Construing the charge as a whole, as applied to the pleadings and the evidence, it cannot reasonably be said that the jury were confused. No doubt the jury were sufficiently intelligent to understand that the excerpt of which complaint is made applied generally to the pleadings and burden of proof as made by the pleadings, and did not apply to the degree of proof necessary to recover. The portion of the charge excepted to applied generally to procedure, the latter part to the degree of substantive evidence to warrant a recovery. That portion of the charge assigned as error was given as an outline of the basic case as made by the plaintiff under the pleadings, and had nothing to do with the degree of proof necessary to war-

178

rant a recovery for the plaintiff. There appears no conflict in the two charges that would require a reversal of the case.

Headnote 4 requires no comment.

*Judgment affirmed. Sutton and Gardner, JJ., concur. Stephens, P. J., disqualified. Felton, J., dissents from the ruling in division 3, and from the judgment.*