33813. ROWLAND *v.* ELKIN *et al.*

Decided February 1, 1952.

*Jesse T. Edwards,* for plaintiff in error.

*Robert Y. Dewar,* contra.

GARDNER, J. 1. The attachment affidavit was not subject to demurrer. It was made by virtue of Code § 8-302, providing for the issuance of purchase-money attachments upon affidavit of the creditor, which was properly sworn to.

The court likewise properly overruled the demurrers, general and special, interposed by the defendant to the declaration in attachment. There was no misjoinder of causes or of parties. The first count set up that the defendant was indebted to the plaintiffs in the amount of $227.50 for the purchase of a certain Ford coupe, same being on open account; and in count 2 the plaintiffs claim that, under the contract which was made in parol and evidenced by written instruments signed by the defendant thereafter in Houston, the defendant was indebted to them in the sum of $200, balance of purchase money for the Ford, and $27.50 carrying charges incurred in the transaction. The amount due as to each of the claims made by the plaintiffs of the defendant, on open account and on the contract, was arrived at in the same manner, namely the purchase price of the Ford, $275, carrying charges $27.50, and paid by the defendant thereon $75, leaving $227.50 unpaid. The suit was for this sum. The Ford was levied on as the defendant's property and in his possession.

2. The verdict for the plaintiffs for $227.50 was not unauthorized by the evidence and was not contrary to law for any of the reasons assigned. The verdict, "We the jury find for the plaintiffs," was not so vague and uncertain as to be contrary to law because it did not appear on which count of the declaration the same was based. The suit was for $227.50, the alleged balance of the purchase money due for the Ford. The two

counts were identical, and it was not required that the petition be set forth in counts. Properly construed, the declaration and the evidence show that the defendant was an employee of the plaintiffs; that he requested the plaintiffs, who were automobile dealers, to purchase the Ford and resell it to him, promising to pay them therefor the price paid; that the plaintiffs purchased the car for $275, plus carrying charges of $27.50, and delivered the car to the defendant; and that the defendant agreed. to pay a cash payment to them of $100 when he arrived in Texas, which he failed to do, only paying them $75, and paid nothing further on the car, although he retained it. In these circumstances, the verdict was authorized by the evidence and was not vague and indefinite because it did not specify whether it was based by the jury on count 1 or on count 2. Special ground 3 is but an enlargement of the general grounds—that the evidence demanded a verdict for the defendant.

3. Special grounds 1 and 2: The trial court admitted, over objection of the defendant, testimony of the plaintiffs that the defendant "signed the purchase-order contract and contract of conditional sale in our office and the contracts were never completed by us, but he agreed to pay us $275 for the 1936 Ford," and that upon his "arrival in Houston, Texas, he signed the purchase-order contract in the amount of $275, wherein he agreed to pay us this; however, the contracts were in blank and we neglected to fill the same in and complete the same under the laws of Texas."

Error is assigned, in the first and second special grounds of the motion for new trial, upon the admission of the foregoing. This testimony was not improperly admitted because there was no contractual obligation existing between the plaintiffs and the defendant regarding the purchase of this car by the plaintiffs and the sale of the same to the defendant, in that the written instruments referred to had not been completed. A contract for the purchase of a car may be partly in parol and partly in writing, and the buyer will be liable thereunder for the automobile, where he fails to pay the agreed purchase price to the sellers (the plaintiffs). There is no merit in the defendant's contention that this testimony was illegally admitted because there was no contract between the parties regarding the purchase of this car by the

plaintiffs and the sale thereof to the defendant by the plaintiffs.

4. Special ground 4: The court did not err in failing to charge that "A contract is an agreement between two or more parties for the doing or not doing of some specific things." There was no request to charge this proposition. The instructions sufficiently covered the issues made by the pleadings and under the facts. There was no error in the failure so to charge.

5. Special ground 5: The court did not err in failing to charge, without a request, that a contract may be absolute or conditional; in the former, each covenant is independent, and the breach of one does not relieve the obligation of the other; in the latter, the covenants are dependent the one upon the other, and the breach of one is a release of the binding force of all dependent covenants; the classification of every contract must depend upon a rational interpretation of the intention of the parties. The error assigned on this special ground on the failure so to charge is without merit. There was no written request to charge this principle. The instructions of the court substantially covered the issues.

6. In special ground 6, the defendant assigns as error the failure of the court to instruct the jury that "impossible, immoral, and illegal contracts are void, and are binding upon no one." There was no request made to charge that principle. Furthermore, such charge was not adjusted to the issues made by the pleadings and the evidence, and the court did not err for any of the reasons assigned in failing to charge this law.

7. Special ground 7: Error is assigned on this excerpt from the charge: "If you find for the plaintiffs, your verdict will be, 'We the jury find in favor of the plaintiffs.'" The defendant contends that such an instruction and direction to the jury was not authorized under the pleadings and the evidence; that, under such instruction, the jury was authorized to render a verdict for the plaintiffs without specifying upon which count of the declaration the same was based—the two counts being, the defendant says, entirely different suits—thereby permitting the jury to render a verdict generally without specifying upon which count the verdict was predicated. As we have seen (division 2 of this opinion), the verdict returned was not vague and indefinite and was not contrary to law because it did not specify upon which

count the jury based their verdict. This ground is without merit.

Applying the above principles and rulings, no error requiring the grant of a new trial is presented by the record in this case, including the exceptions pendente lite and the special assignments of error. The verdict for the plaintiffs was fully authorized, if not demanded, and the court did not err in denying the defendant's motion for a new trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*