34961. WHITLEY *v.* WILSON.

DECIDED APRIL 7, 1954.

*Howard & Hyatt, J. V. Malcolm, Jr.,* for plaintiff in error.
*Tye, Cooper & Bell,* contra.

NICHOLS, J.  Wilson, the plaintiff, obtained a verdict against Whitley in a suit brought in two counts.  The first count set out a contract pursuant to which Wilson completed work and furnished materials for the plumbing in 35 houses that Whitley was building for another party.  Whitley agreed to see that Wilson lost no money and received a fair profit, but paid him $8,400 and owed Wilson $2,734 to cover Wilson's costs plus 12% thereof as a reasonable profit.  The second count alleged an implied contract to pay the same amount, resulting from Whitley's acceptance of the work and materials.

Whitley denied the terms of the contract set out in the petition, and alleged in his answer that the agreement was for Wilson to complete performance of a plumbing contract that Whitley had previously entered into with Smith, which Smith had abandoned before completion; Wilson was to receive $14,000, less $7,525 paid to Smith, as a flat price for the completion of the work specified in the original contract; and Whitley had paid Wilson $9,446 in full payment in accordance with the terms of this and other contracts between the parties for the completion of the work.

Both parties offered evidence to support their contentions, and after the verdict against him, Whitley, the defendant, moved for a new trial, insisting only upon the special grounds of his amended motion.  The exception here is to the judgment denying a new trial.

1. Error is assigned upon the charge of the court that the intention of the parties may differ among themselves, and that, in such case, the meaning placed on the contract by one party, and known to be thus understood by the other party, at the time, shall be held as the true meaning.  See Code § 20-703.  It

is contended that there was no evidence to the effect that either of the parties meant to do one thing with reference to a contract, to the knowledge of the other party having a different intention; and it is further contended that each party claimed a different contract had been entered into.

Although the charge complained of may have been unwarranted by the evidence, the motion does not show that this charge was prejudicial to Whitley, the movant, or that it favored Wilson's case in any way. This was not harmful error.

2. In the absence of a request, the court did not err in his charge to the jury in failing to define a contract, as the charge given fully covered the issues in the case. *Flatauer* v. *Goodman*, 84 *Ga. App.* 881, 885 (3) (67 S. E. 2d 794); *Rowland* v. *Elkin*, 85 *Ga. App.* 301, 305 (4) (69 S. E. 2d 388).

3. The court charged the jury that the effect of the defendant's plea and answer was to put the burden of proof on the plaintiff to show to the jury's satisfaction by a preponderance of the evidence that the allegations he made were true. The court further charged: "However, gentlemen of the jury, when you come to considering the plea and answer by the defendant with respect to the allegations in that plea and answer, then the burden shifts and it rests upon the defendant in those instances to prove those allegations by a preponderance of the evidence to the satisfaction of the minds of you gentlemen of the jury." Whitley, the movant, contends that this last part of the charge was error, in that it placed the burden on him to prove that the contract between the parties was not as alleged in the petition, and to show that he had paid Wilson what he owed him.

The burden of proof is fixed by the pleadings. The effect of a denial by the defendant of the plaintiff's allegations is to put the plaintiff on notice that the burden is on him to prove those allegations. *Bellamy* v. *Georgia Power Co.*, 70 *Ga. App.* 175 (27 S. E. 2d 783). Where the defendant alleges new matter, not dealt with in the petition, which would constitute a defense to the case as pleaded in the petition, taking the allegations of the petition to be true, then the burden of proof is on the defendant to sustain such an affirmative defense. *Williamson, Inman & Co., Inc.* v. *Thompson*, 53 *Ga. App.* 821, 826 (9) (187 S. E. 194);

*Atlantic Coast Line R. Co.* v. *Thomas,* 83 *Ga. App.* 477, 486 (64 S. E. 2d 301).

But affirmative statements in an answer do not operate to cast the burden of proof on the defendant if the statements amount only to a denial of the allegations in the petition, i.e., if they set out evidence or argument which the defendant might have submitted under a simple denial of the allegations in the petition. *Davison Chemical Corp.* v. *Hart,* 68 *Ga. App.* 413 (23 S. E. 2d 107); *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 705 (181 S. E. 315).

In the present case, the defendant, Whitley, denied the contract as alleged by Wilson in the petition, and further alleged his own contentions as to what the contract was. This was not an affirmative defense, and the court erred in charging the jury that the burden was on the defendant to prove the allegations of his answer by a preponderance of the evidence. *Courson* v. *Pearson,* 132 *Ga.* 698 (64 S. E. 997); *Southern Ry. Co.* v. *Fleming,* 141 *Ga.* 69 (2) (80 S. E. 325).

Even if the allegation in the answer—that Whitley had paid $9,446 to Wilson under the contract set out in the answer—may be considered as an affirmative plea of payment to the extent that this amount exceeded the payment of $8,400 alleged in the petition, the charge of the court was erroneous in that the burden placed on or shifted to the defendant was not limited to this particular defense. See *Atlantic Coast Line R. Co.* v. *Thomas,* 83 *Ga. App.* 477, 487, supra.

4. The court erred in denying the motion for a new trial.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*