## 40128. STATE HIGHWAY DEPARTMENT
## v. COCHRAN et al.

HALL, Judge. In this case the State Highway Department, as plaintiff in error in this court, argues that the trial court erred in overruling two special grounds of its motion for new trial following a verdict of $21,500 for the condemnees for the taking of approximately 28 acres of land in Laurens County. *Held:*

1. The condemnor assigns error on an excerpt from the charge on the ground that it was misleading and suggested to the jury that they could award both actual and consequential damages for the land actually taken, and also consequential damages for depreciation in the value of the condemnee's land not taken. This ground is without merit, particularly when the excerpt is considered in connection with the whole charge. *Venable v. Gresham,* 105 Ga. App. 720, 724 (125 SE2d 507). The court's charge made it clear that the condemnees were entitled to recover two kinds of damages—direct damages measured by the fair and reasonable value of the land taken, and consequential damages to the remaining lands that might result from locating the road through the property. The wording of the charge considered in *Wheeler v. State Hwy. Dept.,* 106 Ga. App. 323 (126 SE2d 808), relied on by the condemnor, was substantially different from the charge here complained of, and that case is not applicable.

2. The condemnor contends that, because there were no unusual circumstances in this case which would authorize the jury to measure the condemnee's damages by anything other than the fair market value of the property, the trial court erred in charging that the value of the property to the owner may be awarded as damages when the market value and the actual value are not the same. The charge excepted to is a full page in length in the record. It contains instructions that are correct and applicable, including instructions that the Constitution provides for just and adequate compensation to the owner for the taking of his property, and that generally the fair market value of the property taken is the measure of the condemnee's loss. Therefore, even if the value to the owner theory was inapplicable and under previous decisions (see *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849, 852, 128 SE2d 520) should not have been charged in this case, the condemnor's assignment of error on instructions as a whole, a part of which were authorized, is without merit. *Hubbard v. Squadrito,* 107 Ga. App. 651 (131 SE2d 227).

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED JUNE 4, 1963—REHEARING DENIED JUNE 19, 1963.

*Eugene Cook, Attorney General, Carter Goode, Richard L. Chambers, Assistant Attorneys General, H. Dale Thompson,* for plaintiff in error.

*W. W. Larsen, Jr., Dawson Kea, R. M. Daley,* contra.

DECIDED JUNE 4, 1963—REHEARING DENIED JUNE 19, 1963.