40354.  FULLER, Executrix v. FULLER, Administrator, et al.

DECIDED MARCH 6, 1964—REHEARING DENIED MARCH 19, 1964.

*J. Willard Register, Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs,* for plaintiff in error.

*Cartledge & Cartledge, Emmett B. Cartledge, Kelly, Champion & Henson, Forrest L. Champion, Jr., John W. Denney, J. Norman Pease,* contra.

BELL, Presiding Judge. ■ (a) Plaintiffs introduced sufficient evidence as to the creation of the parol contract, its precise terms, its continuance, performance by the plaintiffs over a long period of time until the deceased married and left plaintiff's home thereby rendering continued performance by plaintiffs impossible, and as to the measure of damages to support the jury verdict for plaintiffs.

The evidence supported the verdict for the plaintiffs. The trial judge did not err in overruling defendant's motion for new trial on the general grounds and her motion for judgment notwithstanding the verdict. *Peek v. Peek,* 207 Ga. 72, 73 (2) (60 SE2d 138); *Middleton v. Waters,* 205 Ga. 847 (55 SE2d 359); *Davis v. State,* 68 Ga. App. 296 (22 SE2d 762).

(b) Ground 9 of defendant's amended motion for new trial alleges that the court erred in failing "to instruct the jury as to what constituted a contract, and that one of the essential elements of a contract is that there must be a meeting of the minds between contract parties."

The court charged fully on plaintiff's burden of proving the existence and the precise terms of the parol contract.

In regard to the other points on which defendant contends

the judge should have charged, no issue was made by the *evidence* as to whether the parties were competent to contract, whether there was consideration for the contract, whether any subject matter existed upon which it could operate, whether there had been substantial compliance with the contract, nor whether any nonperformance was caused by the act or fault of the opposite party. The evidence clearly showed that if an agreement were made as plaintiffs contend, it was a valid contract between parties able to contract, supported by valuable consideration, namely the mutual promises of the parties and performance by the plaintiffs in supporting and taking care of Ernest Fuller as a member of L. A. Fuller's family without payment for *37 years and 3 months.* Finally, the failure of the trial court to charge that plaintiffs would be excused from performance of their part of the contract if their nonperformance were caused by the act or fault of the opposite party to the contract, could only have resulted in harm to the plaintiffs, and the failure to give this charge inured to the benefit of defendant. He cannot complain.

Defendant relies on *Flatauer v. Goodman,* 84 Ga. App. 881 (67 SE2d 794). In that case, however, the court *held* that "the trial judge's charge to the jury in the present case amply covered the issues of the case and, if more specific instructions and definitions were desired, a proper written request to charge should have been made." In *Rome R. &c. Co. v. King,* 33 Ga. App. 383, 384 (126 SE 294), the court said that, "it is also the established general rule that, where the judge has thus fairly and correctly instructed the jury, a party who desires more specific and concrete instructions as to one of his contentions, or a definition or more detailed explanation of general technical or legal words or phrases, should make in writing a timely request therefor." In the case before us the defendant submitted no requests for charges. "In the absence of a request, the court did not err in his charge to the jury in failing to define a contract, as the charge given fully covered the issues in the case." *Whitley v. Wilson,* 90 Ga. App. 16, 17 (81 SE2d 877). "The court did not err in failing to charge that 'A contract is an agreement between two or more parties

for the doing or not doing of some specific things.' There was no request to charge this proposition. The instructions sufficiently covered the issues made by the pleadings and under the facts. There was no error in the failure so to charge." *Rowland v. Elkin*, 85 Ga. App. 301, 305 (69 SE2d 388).

Special ground 9 has no merit.

■ Defendant contends in special ground 4 of her amended motion for new trial that the instructions of the judge on the credibility of witnesses are limited to determining where the preponderance of evidence lies and that the judge erred in failing to repeat the same rules on credibility as applicable where the burden of the plaintiff was to prove the existence of the alleged oral agreement beyond a reasonable doubt. Defendant alleges that by implication the jury was not bound by any rule relating to the credibility of witnesses in determining whether the oral agreement was made. This ground has no merit.

The court instructed the jury: "Now, gentlemen, you are made by law the exclusive judges as to the credibility of witnesses. In passing upon the credibility *and* in determining where a preponderance of the evidence lies you may consider all the facts and circumstances of the case," after which the court listed all the factors relating to credibility from *Code* § 38-107. The next paragraph of the court's charge on credibility again makes it clear that the instruction on credibility applied to all witnesses; it is not limited specifically or by implication to particular witnesses or particular issues. "Credibility" and "determining where a preponderance of the evidence lies" are separate factors. The court charged all of *Code* § 38-107, and we cannot agree that the trial judge started to charge a principle of law and committed harmful error by failing to charge the jury fully as defendant alleges.

The court's charge made it abundantly clear that plaintiff's burden of proving an issue beyond a reasonable doubt was considerably heavier than the burden of proving an issue by the preponderance of the evidence. Reasonably intelligent jurymen would realize from this emphasis alone that, instead of being freed from any limitation on what reliance to place on a witness's impartiality, veracity, or opportunity to know the truth,

they were bound to weigh all evidence with even greater care when determining that plaintiff had proved an issue beyond a reasonable doubt.

Furthermore, if the court had charged the *language* for which defendant contends in her assignment of error 4 (c), it would probably have committed reversible error by commingling references to the subjects of the burden of proving by a preponderance of the evidence and the burden of proving the issue beyond a reasonable doubt. *Tidwell v. Garrick,* 149 Ga. 290 (99 SE 872). See also criminal cases in which the burden of proof "is beyond reasonable doubt." *Gale v. State,* 135 Ga. 351 (69 SE 537); and *Eller v. State,* 48 Ga. App. 163 (172 SE 592).

The ground has no merit for the additional reason that in the absence of a proper request, and none was submitted to the trial court by defendant, it is not error to fail to charge the law applicable in determining the credibility of witnesses. *Childs v. Ponder,* 117 Ga. 553 (43 SE 986); *Campbell v. Dysard Const. Co.,* 40 Ga. App. 328 (4) (149 SE 713); *Baker v. State,* 14 Ga. App. 578 (3) (81 SE 805).

Special ground 4 was properly denied.

■ In special ground 5, defendant's contention that only opinion evidence of the value of the property was introduced is not supported by the record, in which the defendant herself testified as to actual monthly and aggregate rental income from the property. In addition, the location and type of property, including the types of buildings and their use, are outlined by the report of the three-man appraisal committee of the Columbus Real Estate Board and could have been considered by the jury. Thus, even though the defendant stated in open court and counsel for both sides stipulated that the committee's valuation was the fair market value of the property at the death of its owner, the trial judge correctly instructed the jury to make its own determination of the market value of the real property. The jury is not required to accept as correct even the uncontradicted opinion or estimate of a witness as to the value of property. *Hay v. Carter,* 91 Ga. App. 540, 541 (86 SE2d 532). This court cannot hold that the charge was unauthorized by the evidence. *Southern v. Cobb County,* 78 Ga. App. 58 (2) (50 SE2d 226), and numerous cases cited therein.

This case is distinguishable from *Sammons v. Copeland,* 85 Ga. App. 318, 321-322 (69 SE2d 617), relied upon by defendant, in which the admittedly correct general rule on valuation stated above, and used in the judge's charge in the case before us, was held to be inapplicable in the absence of *any* evidence, other than opinion evidence, from which the jury could draw its own conclusions.

The charge that in determining the value of the realty the jurors could consider maps, photographs and diagrams, when none were in evidence, was mere surplusage or for purposes of illustration and did not constitute harmful error.

The appraisal committee of the board valued Ernest C. Fuller's real estate at $174,682 at the time of his death. This did not include several parcels of property he sold for about $41,000 prior to his death, nor did the appraisal include the new home and the duplex he had given his wife before his death. The duplex rented for approximately $90 per month. Defendant and her counsel conceded that the appraisal represented fair market value. The evidence disclosed funeral expenses, flowers, drug bills, a slab for the grave, incidental debts on open accounts, attorney's fees for representation of the estate in this litigation, the amount of year's support taken by the widow, and the principal of a $9,900 note Ernest Fuller had endorsed for defendant's brother. Defendant stated that no other debts were outstanding. The plaintiffs also offered proof of the value of defendant's right in Ernest C. Fuller's estate. In calculating the amount of the dower upon total appraised real estate, the property already set aside as a year's support for her was included. All of these amounts were charged against the estate to determine its net value, the measure of damages for plaintiffs.

The evidence indicates that the deseased's assets were $174,682 (the value of real estate) plus $23,000 in collected rents since his death, totaling $197,682. The debts prior to plaintiff's claim were $10,450 for year's support, $1,477 for funeral expenses, $9,000 attorney's fees, $9,900 contingent liability as endorser on unpaid note, $1,168 for open accounts, and $26,726 for defendant's dower interest. In their brief the plaintiffs concede that commissions in the amount of $8,784 would be prior to their

rights. Defendant testified she had paid some taxes, but she did not give the amount. No mortgages or other debts owed by the executrix are shown. Thus the record shows $67,505 in debts prior to defendant's claim. The total assets of $197,682, as shown above, less $67,505 in charges leaves a balance of $130,177. After plaintiffs' claim of $119,672 is paid, a balance of $10,505 would still remain in the estate for the defendant or other charges having priority over plaintiffs' damages. The precise amounts of these priority items have not been adjudicated by this action, but both the plaintiffs and the defendant undoubtedly are bound by admissions in judicio which they cannot later contest.

There is no harmful error in special ground 5.

■ (a) Ground 7 contends that the judge erred in his charge on the measure of damages plaintiffs could recover, if the jury found that the alleged contract was made and performed. Again the defendant did not request a charge. Movant avers that the charge was erroneous because "dower" was not defined. We find, however, that dower was fully defined in the judge's charge in almost the precise words in which movant asserts it should have been given.

Movant avers further that the judge erred in instructing the jury to deduct movant's right of dower from the estate before fixing damages. Obviously, the complaining party, the defendant, could not have been harmed by this instruction since its effect is to reduce plaintiffs' damages further.

Movant also alleges that there was no competent evidence of probative value as to the value of movant's right of dower. An attorney testified as to the method by which the dower was evaluated. The gist of movant's argument is that this testimony is not competent because it is based on Federal estate tax tables. There was no objection to the evidence on the value of the dower right during the trial, nor did defendant attempt to refute it by other evidence. In this situation, and considering that defendant submitted no request to charge, we feel that the defendant has no standing to raise this objection to the judge's charge. We need not decide whether the method of valuing dower and the use of the Federal tables would otherwise have been error.

(b)  Movant also avers that in the charge on damages the judge erred in instructing the jury to deduct all Federal, State and local taxes, if any, but did not instruct the jury in detail how to determine taxes due.  Also, defendant avers that no evidence of any taxes was submitted to the jury and therefore this charge tended to distract the jury from the real issues in the case.  The defendant executrix was in the best position to know whether taxes had been paid or were due; she testified that she had paid property taxes several times, but she did not specify the amounts paid.  She gave the amounts of several debts paid and then testified that $1,000 would cover all other chargeable debts.  When asked whether any more debts were chargeable against the estate, she replied that she knew of none.  The defendant executrix cannot defeat the agreement or successfully challenge the judge's charge by secretly withholding information on debts for which the estate is liable.  Since evidence of other debts that would affect the net value of the estate do not appear in the record, this issue is not subject to review.  Also, she has no ground for complaint against the charge on taxes, because the effect of the jury's considering this matter could only have been a further reduction in the net estate, the damages accruing to plaintiffs.  We cannot countenance defendant's allegation that the charge on taxes "distracted" the jury to her detriment.

(c)  In special ground 7, movant objected to the part of the charge instructing the jury, in fixing damages, that the measure of damages was the value of Ernest C. Fuller's estate, less all reasonable charges against the estate and after legal claims and debts against the estate were considered and allowed for.  She claims the evidence fails to show the amount of such debts, claims and charges, that the evidence failed to show all of the deceased's property and that the judge did not instruct the jury about legal commissions due her, as executrix.

There was no evidence of the legal commissions due her as executrix, and she had ample opportunity to make a timely claim.  The court did not reject any evidence of additional debts, claims and charges.  Executrix explicitly denied that she knew of any more charges.  As for the alleged failure to show all of

the deceased's property, the record indicates that the deceased owned no real estate other than that listed and valued in the assessor's report (except the home he built for her and some property he gave her before his death, not claimed by plaintiffs; the property she accepted for year's support was included in the valuation by the assessors, but its value was considered a charge against the estate with priority over plaintiffs' claim, so there is no difficulty about that). The only personal property in the late Ernest C. Fuller's estate against which plaintiffs asserted a claim was the $23,000 in rentals collected by the defendant from the time of his death until trial of this case.

If the property left by the deceased is in fact inadequate to cover all the prior charges and the judgment for the plaintiffs, only the latter would suffer, and defendant is not harmed.

The cases cited by defendant, *Mayor &c. of Americus v. Brightwell,* 90 Ga. App. 341 (82 SE2d 732), and *Leggett v. Brewton,* 104 Ga. App. 580, 583 (122 SE2d 469), are not in point because there the court gave the jury no charge at all as to the rules for fixing damages. In the case before us the court gave the correct measure of damages; the difficulty of determining damages does not render a correct charge error.

There is no merit in ground 7.

■ Special grounds 6 and 8 complain of portions of the charge dealing with the enforcement of certain parol contracts to convey or devise land by the equitable remedy of specific performance, the degree of proof required to establish such contracts, and their enforcement by a suit for damages like the present action. The assailed excerpts include language that "the disappointed party may apply to a court of equity for a specific performance of the contract, if it was one of such a nature that a court of equity could require specific performance, and if not, and the contract was one dealing with property, equity would award damages as for a breach of the contract."

The prayers of the petition in this case were specifically for money damages and generally for relief. Therefore, there was no issue in the case involving the right of a party to specific performance of the contract. *Williams v. Manchester Building Co.,* 213 Ga. 99, 102, 103 (97 SE2d 129). However, any suit for damages for the breach of a contract to will property requires

strong and convincing proof of the contract and of partial performance by the plaintiffs, as does a suit for specific performance of the contract. *Wynne v. Buyers,* 53 Ga. App. 660, 662-663 (187 SE 173) ; *Rodgers v. Street,* 215 Ga. 643, 644 (112 SE2d 598) ; 94 CJS 897, Wills, § 126; 57 Am. Jur. 163, Wills, § 185.

The words "and if no . . . equity would award damages as for a breach of contract" merely state that if specific performance was not possible under the facts of a case then damages for breach of the contract would be an alternative remedy. *Spearman v. Wilson,* 44 Ga. 473, 478. These words did not, as contended by the defendant, instruct the jury, either explicitly or implicitly, that the legal principles the court had previously mentioned in conjunction with specific performance had no application to the claim for breach of contract. In considering whether a charge excepted to is error it is proper that it be considered in its context and in connection with the entire charge. *Jordan v. Fowler,* 104 Ga. App. 824 (123 SE2d 334) ; *Underwood v. Atlanta &c. R. Co.,* 105 Ga. App. 340, 357 (124 SE2d 758) ; *Venable v. Gresham,* 105 Ga. App. 720, 724 (125 SE2d 507) ; *Butler v. Reville,* 107 Ga. App. 345 (130 SE2d 161) ; *State Hwy. Dept. v. Cochran,* 108 Ga. App. 61, 62 (131 SE2d 802). The court also charged the jury that the plaintiffs in this proceeding are seeking damages because of an alleged breach of contract and fully charged the jury on the requirements of proof for such an action in basically the same language as that included in the excerpt relating to specific performance. While the court unnecessarily instructed the jury on the alternative remedy of specific performance, this cannot be said, when the charge is viewed as a whole, to have confused or misled the jury nor to have been prejudicial or harmful to the defendant so as to require the grant of a new trial.

■ All of defendant's general and special demurrers which had merit were cured by plaintiffs' amendments to their petition.

*Judgment affirmed. Hall and Pannell, JJ., concur.*