## 52654. WEEKS v. DeKALB COUNTY.

CLARK, Judge.

This is an eminent domain proceeding wherein DeKalb County condemned in fee simple two separate triangular-shaped portions of land for highway widening purposes. One section was at the most southwesterly extreme portion and the other at the most northeasterly extreme portion of the condemnee's land. The taking of these triangular sections at each end did not result in a reduction of the available frontage of the remainder of the tract.

Appellant condemnee was awarded $40,000 by the assessors. DeKalb County took an appeal to the superior court where a $13,500 jury verdict was rendered. Condemnee moved for a new trial which was denied. This appeal followed. *Held:*

1. The condemnee's contention that the trial court erred in permitting the jury to view the condemned premises is without merit. A trial judge may permit a view of the premises in his discretion, whenever it would enable the jury to better understand the evidence. *County of Bibb v. Reese,* 115 Ga. 346, 348 (41 SE 636); *Brookhaven Supply Co. v. DeKalb County,* 134 Ga. App. 878, 880 (216 SE2d 694); Agnor's Ga. Evid., § 15-10. There was no abuse of discretion in this case.

2. No evidence was presented below on the subject of consequential benefits. Accordingly, the court did not instruct the jury in that regard. See in this connection, *State Highway Dept. v. Andrus,* 212 Ga. 737 (95 SE2d 781). The condemnee contends the court erred in failing to charge affirmatively that the jury was not to consider consequential benefits. Here, we see no necessity for such additional instruction.

3. The condemnee contends the trial court erred in failing to charge the jury properly, pursuant to request, upon the issue of damages. We agree.

In condemnation cases, the court should clearly and specifically instruct the jury that the condemnee is entitled to recover two kinds of damages — direct *and* consequential. "[T]he evidence and the instructions to the jury should be such that the jury can figure separately the

value of the land or interest therein which is taken and the consequential damages to the land not taken, and by balancing the latter of course against any consequential benefits and adding the two figures can return a lump-sum verdict which includes both items of depreciated value to the landowner." *Georgia Power Co. v. Sinclair,* 122 Ga. App. 305 (176 SE2d 639). See also *State Highway Board v. Warthen,* 54 Ga. App. 759 (189 SE 76); *State Highway Dept. v. Cochran,* 108 Ga. App. 61 (131 SE2d 802). Direct damages are determined by the market value of the property actually taken; the measure of consequential damages is the diminution in the market value of the remaining property after the taking. *McArthur v. State Highway Dept.,* 85 Ga. App. 500 (69 SE2d 781).

In the case at bar, the trial court charged the jury as follows: "Now, Ladies and Gentlemen, I charge you in this case the *only issue* is the fair market value, or just and adequate compensation, as you find it, for the property taken by the condemnor . . . In other words, the *sole question* that you have for determination is the just and adequate compensation of the property taken. . ." Thereafter (one page later in the transcript), the court instructed the jury "that just and adequate compensation for the taking of a person's property means putting the deprived landowner as nearly as possibile back in the same monetary position he was in before the seizure of the property occurred. In this connection I charge you that you would be authorized and directed to take into consideration, in awarding just and adequate compensation to Mr. Weeks, *the difference in the value of his property before the taking and the value of his property after the taking.*" The court continued: "I charge you that any loss of value of the remaining land is the difference between the greatest market value of the land not taken before any land is taken . . . and the market value of the remaining property after the land is taken off and improvements made. In other words, Ladies and Gentlemen, I charge you that the measure of damages for the part of the lot *actually taken* by DeKalb County *is the difference between the market value of the whole property just before the taking and the market value of the*

*remainder immediately after the taking."* (Emphasis supplied.)

The court's charge failed sufficiently to inform the jury that the condemnee was entitled to direct and consequential damages. Moreover, the words "only issue" and "sole question" could well have served to confuse the jury as to the kinds of damages involved in a condemnation case. And while the court correctly stated the measure of damages in portions of the charge, it also misstated the measure in other portions, leaving the jury to speculate as to the correct principle. Accordingly, the judgment of the trial court must be reversed.

4. The remaining assigned errors, not being supported by argument, are deemed abandoned. *O'Kelley v. Hayes,* 132 Ga. App. 134 (1b) (207 SE2d 641).

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

Submitted September 21, 1976 — Decided October 18, 1976.

*Peek & Whaley, J. Corbett Peek, Jr.,* for appellant.
*Harvey, Willard & Elliott, Wendell K. Willard,* for appellee.