A93A0494. HEATH v. EMORY UNIVERSITY HOSPITAL et al.
A93A0495. EMORY UNIVERSITY HOSPITAL et al. v. HEATH.
A93A0496. EMORY CLINIC et al. v. HEATH.
(431 SE2d 427)

POPE, Chief Judge.

This is the second appearance of this case before this court. In *Heath v. Peachtree Parkwood Hosp.*, 200 Ga. App. 118 (407 SE2d 406) (1991), this court affirmed the trial court's grant of summary judgment to defendants on all claims except plaintiff's claim for false imprisonment against defendants Emory Hospital, Emory Clinic, Dr. Elizabeth Howell and Dr. Lisa Jones and her claim for battery against Emory Hospital. Upon remand, these claims were tried before a jury which returned a verdict of $25,000 in favor of plaintiff against all

defendants on the false imprisonment claim but found against plaintiff on the battery claim. Plaintiff filed an appeal (Case No. A93A0494), Emory Hospital and Dr. Jones filed a cross-appeal (Case No. A93A0495) and Emory Clinic and Dr. Howell filed a separate cross-appeal (Case No. A93A0496).

### Case No. A93A0494

1. The facts show that while plaintiff was a patient at Emory Hospital, Drs. Howell and Jones executed a certificate attesting plaintiff appeared to require involuntary treatment and had plaintiff transferred by the sheriff from Emory Hospital to Peachtree Parkwood Hospital for psychiatric evaluation, pursuant to the process set forth in OCGA § 37-3-41. In our previous opinion in this case we ruled that the process whereby plaintiff was detained at Peachtree Parkwood Hospital was valid and proper and thus plaintiff could not recover for false imprisonment for her detention at that facility. Plaintiff now argues that the trial court erroneously refused to allow her to seek damages against the remaining defendants for alleged false imprisonment during that time she was transported and detained at Peachtree Parkwood Hospital.

The trial court did not err. Because this court has already ruled in our earlier opinion that plaintiff's admission at Peachtree Parkwood Hospital was valid and proper, pursuant to the law of the case rule, OCGA § 9-11-60 (h), no liability for false imprisonment can lie against any party defendant in this action for that admission.

### Case Nos. A93A0495 and A93A0496

2. Defendants argue the trial court erred by twice charging the jury that defendants had the burden of proving plaintiff was a voluntary patient within the meaning of OCGA § 37-3-20 et seq. and they were thus immune from liability because they acted in good faith compliance with the statutory provisions for holding a voluntary patient after the patient requests a discharge. Defendants argue that plaintiff had the burden of proving she was a voluntary patient and was wrongly held after requesting a discharge because, in any false imprisonment case, the unlawfulness of the detention is one of the essential elements the plaintiff must prove.

The trial transcript shows, however, that plaintiff's theory of the case was that she was *not* a voluntary patient who could be lawfully held under the circumstances set forth in OCGA §§ 37-3-20 et seq. The evidence showed plaintiff suffered from numerous health problems associated with her obesity. The physician who referred plaintiff to Emory Hospital testified he recommended she undergo treatment in the behavior modification program on the psychiatric

ward. Plaintiff, however, testified that at the time she arrived at Emory Hospital she believed she was checking herself into a weight loss clinic and that she was never notified of her statutory rights as a voluntary mental health patient and thus had no knowledge that she was, instead, checking herself into a mental health facility in which she could be held against her will for the period of time set forth in OCGA § 37-3-22. Defendants asserted as an affirmative defense that they were immune from liability, as provided by OCGA § 37-3-4, because they acted in good faith in compliance with the admission and discharge provisions of the statutes governing the admission of voluntary patients to a mental health facility. A defendant does have the burden of proving an affirmative defense. *Whitley v. Wilson*, 90 Ga. App. 16 (2) (81 SE2d 877) (1954). In order to assert the affirmative defense of immunity from liability for good faith compliance with the statutory procedures for holding a voluntary patient after request for discharge, it was first necessary to show plaintiff was, in fact, a voluntary patient as defined by statute. The trial court did not err in instructing the jury that defendants had the burden of proving these facts.

3. Defendants Dr. Jones and Emory Hospital argue the trial court erred in denying their motions for directed verdict. This argument is based on the assumption that plaintiff was a voluntary patient and her hospitalization and treatment were conducted pursuant to the procedures set forth in OCGA §§ 37-3-20 through 37-3-24 for protecting the rights of voluntary patients. As noted above, an issue of fact for jury determination was created concerning whether plaintiff was, indeed, a voluntary patient as contemplated by the applicable statutes. Conflicting evidence was presented concerning whether plaintiff was properly notified of her statutory rights at the time of admission as required by OCGA § 37-3-20 (b). Although evidence was presented that the usual procedures were followed once plaintiff arrived at the nursing desk to check into her room, including providing the patient with a written copy of patient rights, plaintiff testified and denied she was informed of her rights. Moreover, even assuming plaintiff was provided with notice of her rights as she checked into her room, the jury could conclude from the evidence that at that time plaintiff had already been admitted to the hospital. Plaintiff testified she did not realize at the time of admission she was voluntarily admitting herself to a mental health treatment facility but thought she was checking into the hospital to participate in a weight loss program. An issue was presented for jury determination concerning whether plaintiff was duly informed of her rights at the time of admission so as to put her on notice that she was submitting to a process whereby she could be held against her will after requesting discharge for a period of time to conduct an evaluation of mental status. The jury's verdict indicates

they found plaintiff was not a voluntary patient.

If, as the jury apparently concluded, plaintiff was not a voluntary patient who could be held against her will for a statutorily defined period, evidence was presented from which the jury could find the detainment of plaintiff was unlawful. In holding the plaintiff after she requested discharge, Emory Hospital acted through its agents, including Dr. Jones. Thus, the trial court did not err in denying directed verdict to Emory Hospital and Dr. Jones.

*Judgments affirmed. Birdsong, P. J., and Andrews, J., concur.*

### DECIDED MAY 10, 1993.

*Mary P. Schildmeyer*, for Heath.

*Allen & Peters, Hunter S. Allen, Jr., Dennis A. Elisco*, for Emory Clinic et al.

*Long, Weinberg, Ansley & Wheeler, Stephen H. Sparwath, J. M. Hudgins IV, Paul L. Weisbecker*, for Emory University Hospital et al.